United States Court of Appeals,

Fifth Circuit.

No. 95-30877

Summary Calendar.

Robert LUCAS, et al., Plaintiffs,

and

Reginald B. Ware, Sr.;  Jesse Carroll Knight, Sr., Reverend, Plaintiffs-Appellees,

v.

Fox McKEITHEN;  Richard Ieyoub;  Edwin Edwards;  East Carroll Parish School Board;  Bossier Parish School Board;  DeSoto Parish School Board;  Iberville Parish School Board;  St. Mary Parish School Board;  West Carroll Parish School Board;  all Defendants, Defendants,

v.

Reynold MINSKY;  Jack Hamilton;  Grady Brown;  Amos Amacker, II; Harvey Howington;  Lonnie Batton;  James Thom, IV;  Thomas Parker; Charles Crawford, Movants-Appellants.

Dec. 4, 1996.

Appeal from the United States District Court for the Middle District of Louisiana.

Before POLITZ, Chief Judge, and JOLLY and DeMOSS, Circuit Judges.

POLITZ, Chief Judge:

Reynold Minsky, Jack Hamilton, Grady Brown, Amos Amacker II, Harvey Howington, James Thom IV, Thomas Parker, Lonnie Batton, and Charles Crawford appeal the district court's denial of their motion to intervene as of right and motion for permissive intervention. We affirm the denial of intervention as of right and dismiss the appeal of the permissive intervention ruling.

*Background*

1

In July 1994 a group of African-American voters brought this action against the school boards of East Carroll Parish, Iberville Parish, Bossier Parish, DeSoto Parish, St. Mary Parish, and West Carroll Parish, as well as the Secretary of State, the Attorney General, and the Governor of the State of Louisiana, seeking compliance with the Voting Rights Act of 1965[1] and the fourteenth amendment's one person, one vote guaranty. The plaintiffs promptly moved the district court to adopt an interim redistricting plan for each defendant parish for the fall 1994 school board elections. During a hearing in August 1994, the plaintiffs offered interim plans that met federal requirements but split some election precincts. East Carroll Parish School Board submitted an alternative, Plan 6, which did not call for precinct splitting.[2] The state defendants objected to plaintiffs' plans because state law generally prohibits the splitting of precincts.[3]

On August 16, 1994 the district court approved an election plan for St. Mary Parish that split precincts, but did not adopt the plaintiffs' plan for East Carroll Parish. Rather, on August 23, 1994, the district court adopted Plan 6 as an interim plan for East Carroll Parish so that elections could proceed, but ordered the East Carroll Parish School Board to adopt, after the elections, a permanent reapportionment plan that complied with the

---

[1] 42 U.S.C. §§ 1973, 1973c, 1983.

[2] Plan 6 had not been precleared by the Department of Justice as required by section 5 of the Voting Rights Act.

[3] *See* La.R.S. 17:71.3 (West 1982 & Supp.1996).

2

Constitution and the Voting Rights Act.

Elections were held under Plan 6 in the fall of 1994. After public hearings, in January 1995 the newly elected school board adopted a permanent redistricting plan, Plan L. Plan L provides for the splitting of some existing parish precincts.

The Department of Justice precleared Plan L in May 1995. The plaintiffs then moved the district court to schedule elections under Plan L for the fall of 1995. The state defendants objected to Plan L because: (1) the hand-drawn maps and manually calculated statistics provided by the School Board were inadequate for the state defendants to ascertain precisely the location of the district lines; and (2) because Plan L called for the splitting of precincts. Because of these objections the district court withheld ruling on the plaintiffs' motion and ordered them to assist the state in interpreting the School Board's material. The plaintiffs complied and assisted in the preparation of computerized maps: The state agreed that the materials were sufficient to ascertain the voting lines and the School Board resubmitted the material to the Department of Justice, which issued a no-objection letter on August 14, 1995.

On July 27, 1995 appellants, a group of white voters in East Carroll Parish, sought to intervene to challenge Plan L largely because it called for splitting some precincts. After a hearing the district court denied the motion as untimely and scheduled the elections. The proposed intervenors then filed a second motion to intervene claiming that it was timely because the computerized maps

3

had been sent recently to the Department of Justice to confirm section 5 preclearance.[4]  The district court again denied the motion.  The proposed intervenors timely appealed.

*Analysis*

The denial of a motion to intervene as of right is an appealable final order under 28 U.S.C. § 1291.[5]  We have only provisional appellate jurisdiction to review the denial of a motion for permissive intervention.[6]

Intervention is governed by Rule 24 of the Federal Rules of Civil Procedure.  A non-party seeking to intervene has available two avenues under this Rule:  section (a) provides for intervention as of right and section (b) provides for permissive intervention. The proposed intervenors moved for both intervention as of right and permissive intervention.  We review the district court's decision concerning the former *de novo* and the latter for a clear abuse of discretion.[7]

A motion to intervene must be timely.[8]  We review a district

---

[4]The proposed intervenors alternatively sought to intervene for purpose of appeal only.  We assume, *per arguendo,* that our Rules provide for such intervention but we do not decide that issue today.

[5]*Edwards v. City of Houston,* 78 F.3d 983 (5th Cir.1996) (*en banc* ).

[6]*Id.*  If there was no abuse of discretion we have no jurisdiction and must dismiss the appeal.

[7]*Id.*

[8]Fed.R.Civ.P. 24(a) and (b).

4

court's timeliness determination for an abuse of discretion.[9] Timeliness is to be determined from all of the circumstances. There are four pertinent factors: (1) the length of time during which the proposed intervenors actually knew or reasonably should have known of their interest in the case; (2) the extent of the prejudice that the existing parties may suffer as a result of the proposed intervenors' failure to apply for intervention as soon as they actually knew or reasonably should have known of their interest in the case; (3) the extent of the prejudice that the proposed intervenors may suffer if the motion is denied; and (4) the existence of unusual circumstances militating for or against the determination that the motion is timely.[10]

The district court did not abuse its discretion in ruling that the motions to intervene were untimely. First, the proposed intervenors knew or should have known about their interest in this suit for more than a year before seeking to intervene. Precinct splitting was at issue as early as the plaintiffs' motion to adopt interim plans. Second, the existing parties would have been prejudiced by the inordinate delay; to permit intervention at the eleventh hour would have resulted in revisiting of issues previously addressed at length by the parties while elections would be further delayed. Third, the proposed intervenors were not prejudiced by the district court's ruling because the state defendants previously had advanced the arguments they sought to

---

[9]*Edwards.*

[10]*Id.*

5

advance.  Finally, there are no unusual circumstances that militate against a finding of untimeliness.

The district court's order denying intervention as of right is AFFIRMED and the appeal of the district court's order denying permissive intervention is DISMISSED.