Christina SWANN, Plaintiff,

v.

**CITY OF DALLAS, et al., Defendants.**

No. CA3:95–CV–0033–BC.

United States District Court,
N.D. Texas,
Dallas Division.

April 14, 1997.

---

Liza Farrow-Gillespie, Julie Heath, Dallas, TX, for Christina Swann.

Christina Swann, Dallas, TX, pro se.

Walter C. Davis, Dallas City Atty's Office, Dallas, TX, Mark Robert Benavides, Dallas, TX, for defendants.

## MEMORANDUM OPINION AND ORDER

BOYLE, United States Magistrate Judge.

Before the Court is the Motion and Supporting Brief by Plaintiff's Former Attorneys of Record to Intervene and to Modify Supersedeas Bond, filed February 13, 1997. At issue is whether Swann's former attorneys should be permitted to intervene in the instant lawsuit for the limited purpose of requesting a modification in the supersedeas bond filed in the above-styled action. Having considered the pertinent pleadings, the Court **GRANTS** the motion for the reasons that follow.

## I. BACKGROUND

Plaintiff, Christina Swann, brought this action against the City of Dallas and several individual defendants, alleging violations of her civil rights under 42 U.S.C. §§ 1983, 1985. The case was tried to a jury, which returned a verdict favorable in part to Swann. On July 31, 1996, the Court entered a Final Judgment and awarded Swann attorneys' fees in the amount of $89,947.50. On September 13, 1996, defendants filed a supersedeas bond to suspend execution of the judgment pending appeal. *See* Defendants' Supersedeas Bond, filed September 13, 1996. The bond is made payable to Christina Swann. *Id.*

Swann subsequently discharged her court-appointed attorneys, Liza Farrow–Gillespie and Julie Heath, and is acting *pro se* on appeal. Farrow–Gillespie and Heath (collectively referred to as "Applicants") seek to intervene to have the supersedeas bond modified such that the attorneys' fees award be made payable directly to Applicants. Specifically, Applicants argue that Swann executed a Representation Agreement giving Applicants the right to collect any fee award directly from defendants.[1] *See* Heath Aff.,

---

1. The Representation Agreement provides:
 This Representation is without charge to the Client unless the Client prevails at trial, or unless full or partial settlement is achieved. The Client agrees that should the Client prevail in this matter, any attorney's fees and expenses ordered by the court to be paid by the opposing party shall be paid separately and directly to Attorneys by the opposing party and shall be retained by Attorneys as full and complete payment for the Representation and expenses.

Exh. A. Neither defendants nor Swann have opposed the motion.

## II. ANALYSIS

Federal Rule of Civil Procedure 24(a) permits certain interested parties to intervene as a matter of right. *See* **Fed.R.Civ.P. 24(a).** The rule imposes four requirements and each must be met before the court will grant a Motion to Intervene as a matter of right. *Valley Ranch Dev. Co. v. FDIC,* 960 F.2d 550, 556 (5th Cir.1992); *New Orleans Public Service Inc. v. United Gas Pipe Line Co.,* 732 F.2d 452, 463 (5th Cir.)(en banc), *cert denied,* 469 U.S. 1019, 105 S.Ct. 434, 83 L.Ed.2d 360 (1984)(citing *International Tank Terminals, Ltd. v. M/V Acadia Forest,* 579 F.2d 964, 967 (5th Cir.1978)). The application for intervention must be timely, the movant must have an interest relating to the property or transaction which is the subject of the action, the movant must be so situated that the disposition of the action may impair her ability to protect the interest, and the movant's interest must be inadequately represented by the existing parties. *Id.* The inquiry under this rule is flexible and focuses on the particular facts and circumstances of each application. *United States v. Texas Educ. Agency,* 138 F.R.D. 503, 506 (N.D.Tex.), *aff'd* 952 F.2d 399 (5th Cir.1991), *cert. denied,* 505 U.S. 1204, 112 S.Ct. 2992, 120 L.Ed.2d 869 (1992). Accordingly, intervention of right is "measured by a practical rather than technical yardstick." *Edwards v. City of Houston,* 78 F.3d 983, 999 (5th Cir.1996)(en banc)(quoting *United States v. Texas Eastern Transmission Corp.,* 923 F.2d 410, 413 (5th Cir.1991)).

 The undersigned finds that the Applicants are entitled to intervene for the limited purpose of modifying the supersedeas bond. First, their application for intervention is timely. The timeliness of an application to intervene is measured by (1) the length of time during which the proposed Applicants knew or should have known of their interest in the case; (2) the extent of the prejudice the existing parties may suffer as a result of the proposed applicants' failure to apply for intervention as soon as they became aware of their interest in the case;

(3) the extent of the prejudice the proposed applicants may suffer if the motion is denied; and (4) the existence of unusual or circumstances mitigating for or against the determination that the motion is timely. *Lucas v. McKeithen,* 102 F.3d 171, 172 (5th Cir.1996)(citing *Edwards v. City of Houston,* 78 F.3d 983 (5th Cir.1996)(en banc)). Applicants filed their motion to intervene five months after the supersedeas bond was filed. The case was pending on appeal the entire time and there is no prejudice resulting from the delay. Finally, if the instant motion is denied, Applicants will be forced to collect their attorneys' fees from their former client, despite their prior agreement.

 Second, Applicants have an interest in the action. The Fifth Circuit narrowly defines "interest" in the context of intervention of right and requires that the movant have a "direct, substantial, [and] legally protectable interest in the proceedings." *Edwards,* 78 F.3d at 1004; *New Orleans,* 732 F.2d at 463. An economic interest is not sufficient absent substantive law recognizing the asserted interest as one belonging to or being owned by the movant. *Id; Cajun Elec. Power Co-op. v. Gulf States Utilities,* 940 F.2d 117, 119 (5th Cir.1991). Furthermore, intervention as a matter of right cannot rest on an interest that is remote or collateral to the main action. *See League of United Latin American Citizens v. Clements,* 884 F.2d 185, 188 (5th Cir.1989); *see also* 6 Moore's Federal Practice, § 24.03[2][a] at 25–29 (3d ed.1997).

In this case, Intervenors have a legally cognizable interest in the portion of the judgment allocated to attorneys' fees. Under section 1988, the court may order a defendant to pay a successful plaintiff's attorneys' fees. **42 U.S.C. § 1988.** The party, not the attorney, is the proper recipient of such an award. *See* **42 U.S.C. § 1988;** *Evans v. Jeff D.,* 475 U.S. 717, 106 S.Ct. 1531, 89 L.Ed.2d 747 (1986). Accordingly, the Supreme Court has recognized that a party is free to "waive, settle, or negotiate" its entitlement to attorneys' fees. *Venegas v. Mitchell,* 495 U.S. 82, 87–88, 110 S.Ct. 1679, 1683, 109 L.Ed.2d 74 (1990). The party's payment obligations to her attorney, however, is determined by their

contract, not by the amount of the court-ordered fee award. *Venegas*, 495 U.S. at 90, 110 S.Ct. at 1684. The court therefore concludes that Applicants have a legally cognizable interest in the final judgment, to the extent that the judgment reflects an attorneys' fees award. *See Sierra Club v. Glickman*, 82 F.3d 106, 109 (5th Cir.1996)(*finding legally protectable interest where existing contract threatened*); *Valley Ranch Development Co. Ltd. v. FDIC*, 960 F.2d 550, 556 (5th Cir.1992)(*finding discharged lawyer with contingent fee agreement has "interest" for purposes of intervention*); *Carpa, Inc. v. Ward Foods, Inc.*, 536 F.2d 39, 52 (5th Cir.1976)(*upholding antitrust plaintiff's assignment of any awarded fees directly to counsel*).

■ Finally, a denial of the application for intervention may impair Applicants' ability to protect their interest in the fee award portion of the judgment. The standard is whether, as a practical matter, the applicants' ability to protect their interest is impaired, not whether the applicants will be bound by the disposition of the action in their absence. *United States v. Texas Eastern Transmission Corp.*, 923 F.2d 410, 413 (5th Cir.1991). Payment of the entire judgment directly to the plaintiff would require Applicants to collect a substantial portion of the total judgment from the plaintiff. However, applicants entered into a binding agreement with their former client in order to avoid any uncertainty or difficulty in collection. In the absence of intervention, it is entirely possible that Applicants will have to institute another action to collect their fees from this lawsuit. On the facts of this case, this is sufficient to show the requisite impairment. *Id.* (citing *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52 (5th Cir.1970)(*per curiam*)). Furthermore, Applicants' interests can easily be protected simply by modifying the terms of the supersedeas bond, after which they will have no continuing role in this suit.[2]

Finally, none of the existing parties adequately represent Applicants' interests to the extent that Applicants' seek to enforce their collection rights under the contract. The burden under the "inadequately represented" requirement of Fed.R.Civ.P. 24 is minimal. *Cajun Elec. Power Coop., Inc. v. Gulf States Utilities, Inc.*, 940 F.2d 117, 120 (5th Cir. 1991). Although it is not so minimal so as to be written out of the rule entirely, the applicant need only show that representation "may be" inadequate. *Id.; Sierra Club v. Espy*, 18 F.3d 1202, 1208 (5th Cir.1994). In this case, the movants seek intervention for a very limited purpose, a purpose which is not shared by any of the existing parties.

## III. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** that the Motion to Intervene and to Modify Supersedeas Bond be **GRANTED**. It is further **ORDERED** that defendants' supersedeas bond, filed September 13, 1996, is no longer payable to Christina Swarm solely; instead, it is modified as follows:

> The City of Dallas, Texas, as Principal, and St. Paul Fire and Marine Insurance Company of 2301 East Lamar Blvd., Suite 400, Arlington, Texas 76006, are bound to pay to Liza Farrow–Gillespie and Julie Heath, jointly, the total amount, as affirmed or modified by the Fifth Circuit Court of Appeals, attributable to attorneys' fees awarded by the district court in the Memorandum Opinion and Order filed July 31, 1996; and to Christina Swarm, the total amount, as affirmed or modified, attributable to damages awarded pursuant to the Judgment filed July 31, 1996.

In all other respects, including the amount and the elements of the bond, the supersedeas bond shall remain in full force and effect as filed.

---

2. The Court does not read Applicants' motion to be an attempt to intervene in any aspect of the case or appeal other than to modify the supersedeas bond.