**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 00-30448
Summary Calendar

MARGARET LYNDS BARR,

Plaintiff,

VERSUS

AESTHETECH CORP. ET AL.,

Defendants.

A. GILL DYER,

Intervenor-Plaintiff-Appellant,

VERSUS

MARGARET LYNDS BARR,

Intervenor-Defendant-Appellee,

and

REBECCA A. CUNARD,

Appellee.

Appeal from the United States District Court
For the Middle District of Louisiana

(94-CV-389-C-M2)

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellant appeals the district court's order denying his motion to intervene, denying his motion to restore this action to the district court, and sanctioning him under FED. R. CIV. P. ("Rule") 11. Because we conclude that the district court did not err in denying intervention, denying restoration of this action to the trial docket, and finding a basis for imposing sanctions, we AFFIRM the order in part. However, because the district court abused its discretion in imposing the particular sanctions at issue, we VACATE and REMAND the order in part.

## I.

On June 22, 1999, the magistrate judge issued an order denying Appellant's motion for intervention, both of right and permissive, pursuant to Rule 24(a) & (b), respectively, and to restore this action to the district court's trial docket. In addition, the magistrate judge, on her own motion and after hearing, imposed monetary sanctions against Appellant. Appellant appealed that order to this court, but on January 11, 2000, we dismissed the appeal for lack of jurisdiction because the parties had not consented to proceed before the magistrate judge pursuant to 28 U.S.C. § 636(b), and therefore the magistrate judge's order was not final and appealable. Appellant then moved the district court for certification of the magistrate judge's order as a final judgment pursuant to Rule 54(b). The district court on March 3, 2000, subsequently issued a "Ruling" in which it ordered the same relief

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as the magistrate judge. The record contains no final judgment. Appellant then filed a notice of appeal appealing the district court's March 3, ruling.

## II.

## A.

Without analyzing whether the district court's ruling is a final judgment for appeal purposes, we have jurisdiction over the district court's ruling as an appealable collateral order because it denied Appellant's motion to intervene of right. *Sierra Club v. City of San Antonio*, 115 F.3d 311, 314 (5th Cir. 1997); *Edwards v. City of Houston*, 78 F.3d 983, 992 (5th Cir. 1996) (en banc). We have provisional jurisdiction to review the denial of permissive intervention for abuse of discretion. *Edwards*, 78 F.3d at 992. We have pendent appellate jurisdiction to review the other relief ordered by the district court because they are inextricably intertwined with the order denying intervention of right, *see Martin v. Memorial Hosp. at Gulfport*, 86 F.3d 1391, 1401 (5th Cir. 1996), and because they are otherwise effectively unreviewable. *Chaves v. The M/V Medina Star*, 47 F.3d 153, 157 (5th Cir. 1995) (citing *Markwell v. County of Bexar*, 878 F.2d 899 (5th Cir. 1989) (exercising jurisdiction over Rule 11 sanctions order)).

## B.

Reviewing the denial of intervention of right under Rule 24(a) *de novo*, and the denial of permissive intervention under Rule 24(b) for abuse of discretion, *Lucas v. McKeithen*, 102 F.3d 171, 173 (5th Cir. 1996), we conclude that the district court properly denied intervention in this action. There is no statute conferring Appellant an unconditional right to intervene, and to the extent we are able to hypothesize an interest of Appellant in the subject of this action, he is not so situated that the disposition of this action may as a practical matter impair or impede his ability to protect such

3

interest, necessitating Rule 24(a)(2) intervention. Appellant's interest already is adequately protected by the action before the Louisiana 19th Judicial District Court, filed more than one year ago. Moreover, the district court did not abuse its discretion by denying permissive intervention under Rule 24(b)(2) because Appellant's application was untimely. Appellant filed his motion for intervention fourteen months after he learned of his interest in this action. Thus, we affirm the denial of intervention of right and we dismiss Appellant's challenge to the denial of permissive intervention for lack of jurisdiction. Because of this conclusion, we also affirm the district court's denial of Appellant's motion to restore this action to the trial docket.

C.

Reviewing the district court's imposition of sanctions for abuse of discretion, *Thornton v. General Motors Corp.*, 136 F.3d 450, 454 (5th Cir. 1998), we conclude that the district court did not abuse its discretion in finding a basis for imposing sanctions. The district court imposed the sanctions after giving Appellant notice and opportunity to be heard consistent with Rule 11(c)(1)(B). The district court properly concluded that in light of the history of Appellant's conduct before Louisiana courts and in this action, Appellant's allegations lacked evidentiary support and unnecessarily increased the cost of this action in violation of Rule 11(b).

However, the district court abused its discretion in ordering Appellant to pay $1,000 each to Appellee and the Louisiana Bar Foundation as sanctions. Rule 11(c)(2) states that a court on its own motion may impose sanctions that

> may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

4

The district court on its own motion may not award attorneys' fees or monetary penalties to nonmovants or order a monetary penalty to be paid to another recipient besides the court. *See Thornton*, 136 F.3d at 455. The sanctions in this action were neither pursuant to Appellee's motion and warranted for effective deterrence nor a penalty payable to the court, and thus were not valid sanctions. *See id.* (citing *Johnson v. Waddell & Reed, Inc.*, 74 F.3d 147, 152 n.3 (7th Cir. 1996)). Therefore, we VACATE and REMAND in part the portion of the district court's order imposing $2,000 in sanctions against Appellant for further proceedings consistent with Rule 11(c) and this opinion.

AFFIRMED in part; VACATED and REMANDED in part.