The STATE of Missouri at relation of TRANSIT CASUALTY COMPANY, Relator,

v.

Honorable Ivan Lee HOLT, Jr., Judge of the Circuit Court of the City of St. Louis, State of Missouri, Respondent.

No. 32467.

St. Louis Court of Appeals. Missouri.

Jan. 17, 1967.

Emmett M. O'Brien, George A. Adolf, St. Louis, for relator.

Murphy & Roche, Donald L. Schlapprizzi, St. Louis, for respondent.

TOWNSEND, Commissioner.

Relator, insurance carrier of an employer, Associated Transports, Inc., has paid the injured employee Silvey substantial sums as permanent partial disability and disfigurement benefits under the Workmen's Compensation Act as well as medical payments under the act.

The injured employee brought his action against the alleged tort-feasor, Missouri Pacific Railroad Company, on March 31, 1964. That case was successively set for trial on September 28, 1964 and February 1, 1965; it was eventually tried on

March 8, 1965, resulting in a verdict and judgment for the employee. In June, 1965, the verdict and judgment were set aside as being against the weight of the evidence. The case was set again for trial on December 13, 1965. On December 7, 1965, relator filed its motion and petition to intervene as additional party plaintiff. On December 9, 1965 the employee-plaintiff filed his motion to strike relator's motion to intervene; on the same day the motions were argued and the motion to strike relator's motion and petition was sustained on the ground that relator's motion was untimely filed. Application for mandamus followed and the alternative writ issued on December 9, 1965.[1]

Relator relies upon those parts of Rule 52.11(a), V.A.M.R., which provide:

"(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; * * *."

To show relator's interest in the pending action brought by the injured employee Silvey against the Missouri Pacific Railroad Company, relator's brief quotes the content of Section 287.150(1), V.A.M.S.:

"1. Where a third person is liable to the employee or to the dependents, for the injury or death, the employer shall be subrogated to the right of the employee or to the dependents against such third person, and the recovery by such employer shall not be limited to the amount payable as compensation to such employee or dependents, but such employer may recover any amount which such employee or his dependents would have been entitled to recover. Any recovery by the employer against such third person, in excess of the compensation paid by the employer, after deducting the expenses of making such recovery shall be paid forthwith to the employee or to the dependents, and shall be treated as an advance payment by the employer, on account of any future installments of compensation."

■ Under Rule 52.11(a), relator's right to intervene is made dependent upon the conjunction of three conditions precedent—(1) timely application, (2) inadequate representation of applicant's interest by existing parties and (3) the possibility that applicant may be bound by a judgment in the action. Taking these conditions in inverse order, it is apparent that relator would be bound by the outcome of Silvey's action against Missouri Pacific. State ex rel. Royal-McBee Corp. v. Luten, Mo.App., 390 S.W.2d 931. Under Section 287.150(1) the employer's right against the third party tort-feasor is wholly derivative; it is conditional upon the existence of a cause of action in the injured employee against the tort-feasor ("* * * such employer may recover any amount which such employee * * * would have been entitled to recover") and hence a judgment against the injured employee and in favor of the alleged tort-feasor would defeat any claimed right of subrogation. The employer has no separate cause of action for the subrogation claim. O'Hanlon Reports, Inc. v. Needles, Mo.App., 360 S.W.2d 382; State ex rel. Royal-McBee Corp. v. Luten, supra. Thus, the third condition precedent of Rule 52.11 (a) is satisfied.

---

[1] Relator was also the insurer of the employer in respect to damage to employer's property. Employer brought its action against the alleged tort-feasor for damage to its property arising out of the same incident as that in which the employee was injured. Consolidation of the two actions was ordered in November 1965. Respondent's return asserts that relator appeared in opposition to the consolidation and that not until December 9, 1965, did relator ever appear for the purpose of intervention.

As to the second condition precedent, namely, adequate representation of relator's interest, there is nothing in the record before us which would indicate that Silvey's prosecution of the action against Missouri Pacific would not adequately represent relator's interest in the trial of the case. Under the statute relator's interest is something that is carved out of the injured employee's interest. We cannot assume that plaintiff and his counsel would not prosecute his action with that combination of ability and vigor which would afford him an able presentation of his own case and produce the maximum results. The more capably the action is handled and damages shown in the plaintiff's own behalf the greater is the protection given the employer's statutory interest. We repeat that there is notihng shown here to suggest that plaintiff employee would not adequately represent his own interest (and necessarily relator's) at the trial of the case.

◼ Adequate representation of relator's statutory interest does not require that there be presented in the tort case the fact that certain sums have been awarded the plaintiff-employee in a Workmen's Compensation proceeding. Since the employer's right is wholly derivative it is not material to the question of the alleged tort-feasor's liability that employer has paid any sum to the plaintiff-employee. Insofar as the *issue of liability* as between plaintiff-employee and alleged tort-feasor is concerned, the award in the compensation case is irrelevant. Presentation of the facts giving rise to relator's interest would inject into the tort case an element entirely foreign to such issue. However relator's brief argues that if intervention in the case of Silvey against the Missouri Pacific is not allowed, "its proven interest in that case would not be presented." Relator even misquotes Rule 52.11(a) to read "when the *presentation* of the applicant's interest by existing parties is or may be inadequate

* * *." Under the rule the test is not one of adequacy of *presentation* of relator's interest; the criterion is one of adequacy of the *representation* of relator's interest. If by presentation the relator means the display to the trier of fact of the whole picture of the creation of intervenor's interest then clearly such evidence is not admissible. Cf. Pritt v. Terminal R. R. Ass'n, Mo., 251 S.W.2d 622 [3], [4], [5].

◼ However the Court is of opinion that Rule 52.11(a) (2) was designed not alone to assure adequate representation of the intervenor's interest in the trial of the tort case but also to give such protection to that interest as intervention will provide after trial and even in the absence of trial. Thus, once the intervenor has been joined as party plaintiff an attempted dismissal of the action by the plaintiff employee would not prevent the intervenor plaintiff from proceeding to judgment against the defendant, thereby protecting the intervenor's interest against a settlement between plaintiff employee and tortfeasor in the course of trial or even before trial and so obviating the result reached in O'Hanlon Reports, Inc. v. Needles, supra. Likewise, if, after intervention, there is a judgment against the defendant, that judgment is in favor of both plaintiffs and defendant cannot defeat the statutory interest of intervenor by making payment to the employee plaintiff alone. We think that such objectives are within the intent of the rule in its contemplation of possible inadequate representation. Without intervention the interest of the employer and insurer are not adequately represented under such possible circumstances of dismissal, settlement or payment.

◼ The stated ground for the trial court's striking of the motion to intervene was that such motion was not timely made. The rule and the relative statute furnish no guidelines for the determination of timeliness. We have found no pertinent preced-

ents. Like reasonableness, timeliness (where not specified by statute, rule or order) is a relative matter, depending on the circumstances of each particular instance in which it is asserted that timely action was not taken. In general it may be said that the concept comprehends the principle that delay by a litigant should not be allowed to unfairly inconvenience or disadvantage another. Such a test raises the question of possible prejudicial effect upon the other. Here the intervenor had many months within which it could have filed its motion to intervene if so inclined but waited until five days before the trial date to do so. Yet we perceive no prejudice to plaintiff employee arising from such inordinate delay. We have been informed of no reason why the case could not have gone to trial on the date for which it had been set, if the motion to intervene had been granted. Hence the intervention was timely.

■ Finding that the three conditions precedent to the right to intervene were satisfied, the motion to strike intervenor's motion should have been denied and the motion to intervene should have been granted.

The Alternative Writ of Mandamus is made permanent and Respondent is directed to allow Relator to intervene in Case No. 62977E, Silvey v. Missouri Pacific Railroad Company.

PER CURIAM.

The foregoing opinion by TOWNSEND, C., is adopted as the opinion of this Court. Accordingly, the Alternative Writ of Mandamus is made permanent and Respondent is directed to allow Relator to intervene in Case No. 62977E, Silvey v. Missouri Pacific Railroad Company.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.