STATE of Missouri ex rel. Daryl R. STROHM and Norma J. Strohm, Respondents,

v.

BOARD OF ZONING ADJUSTMENT OF KANSAS CITY, Respondent,

Western Blue Township Homeowners Association and Don Ward, Intervenors–Appellants.

No. WD 47801.

Missouri Court of Appeals, Western District.

Jan. 25, 1994.

Lawrence R. Hamel, Kansas City, for appellant.

Michael D. Fitzgerald, Patricia R. Jensen, Asst. City Atty., Kansas City, for respondent.

Before KENNEDY, P.J., and ULRICH and SPINDEN, JJ.

SPINDEN, Judge.

When Western Blue Township Homeowners Association and Don Ward learned that Kansas City's Board of Zoning Adjustment (BZA) had agreed to settle a zoning dispute with owners of a neighborhood business, they quickly sought to intervene in the case. The trial court, however, accepted the settlement and refused to let Western Blue and Ward intervene. They appeal the trial court's denial of their motion to intervene. They contend that the trial court erred because (1) they filed their motion for intervention before the settlement agreement was filed with the court and before the court approved it; (2) they had a right to a ruling on their motion before the court approved the settlement agreement; and (3) they had an absolute right to intervene pursuant to Rule 52.12(a). We affirm.

Daryl and Norma Strohm operated a fish and garden pool business in a district zoned exclusively for single family residences. On July 20, 1992, Kansas City's Department of Codes Administration notified the Strohms that their business violated city zoning ordinances.

On August 5, 1992, the Strohms appealed the codes administrator's decision to the BZA. The BZA held a hearing and upheld the codes administrator's determination. On November 12, 1992, the Strohms filed a petition for writ of certiorari with the Jackson County Circuit Court appealing BZA's decision. On November 18, 1992, the trial court issued a writ of certiorari.

While the case was pending, the parties began settlement discussions. The parties signed a settlement agreement on March 15, 1993. Two days later—on March 17—Western Blue and Ward filed a motion to intervene in the case. They knew of the settlement negotiations before they filed their motion. The trial court had not ruled on that motion when the Strohms and BZA filed their settlement agreement with the court on March 19, 1993. On that same day, the trial court entered an order quashing the writ and dismissing the case with prejudice. On April 1, 1993, the trial court denied the motion to intervene as moot.

Western Blue was an association of homeowners in the neighborhood where the Strohms' property was located. Ward owned and resided at the property next door to the Strohms' business.

■ Before turning to Western Blue's and Ward's appeal, we need to address BZA's contention that we should dismiss the appeal because it was filed more than 10 days after the trial court's judgment became final. We disagree.

Western Blue and Ward had a right to appeal the denial of their motion to intervene, *State ex rel. Reser v. Martin,* 576 S.W.2d 289, 291 (Mo. banc 1978), but not until the trial court denied their motion. They could not appeal from the trial court's order quashing the writ and dismissing the case because they were not parties to the action.

Rule 81.04(a) requires an appellant to file his notice of appeal no later than 10 days after a judgment or order becomes final. A judgment becomes final for purpose of appeal 30 days after the judgment is entered unless a post-judgment motion is authorized. Rule 81.05(a). Although the trial court entered its order approving the settlement agreement and quashing the writ of certiorari on March 19, 1993, Western Blue and Ward could not appeal until the trial court denied their motion to intervene. That did not occur until April 1, 1993. Thus, the trial court's denial did not become final until 30 days after it was entered, and Western Blue and Ward had 10 days after that to file their notice of appeal. They filed their notice on May 10, 1993. Their appeal was timely.

■ Western Blue and Ward contend that the trial court erred in denying their motion to intervene because they filed their motion before the Strohms and the BZA filed their settlement agreement with the court and before the court approved it. The Strohms and the BZA counter that the motion was untimely because Western Blue and Ward knew of the settlement negotiations but waited until two days before the court approved the agreement to file their motion.

■ Rule 52.12(a) provides:

Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

In *State of Missouri ex rel. Transit Casualty Company v. Holt*, 411 S.W.2d 249, 253 (1967), this court's Eastern District construed the term "timely:"

Like reasonableness, timeliness (where not specified by statute, rule or order) is a relative matter, depending on the circumstances of each particular instance in which it is asserted that timely action was not

taken. In general it may be said that the concept comprehends the principal that delay by a litigant should not be allowed to unfairly inconvenience or disadvantage another. Such a test raises the question of possible prejudicial effect upon the other.

It is within a trial court's discretion to determine whether a motion to intervene is timely. The trial court must determine "whether substantial justice mandates the allowance of intervention and ... whether existing parties to the case will be prejudiced if intervention is permitted." *Frost v. White*, 778 S.W.2d 670 (Mo.App.1989).

Because Rule 52.12 is essentially the same as Fed.R.Civ.Pro. 24, Missouri courts have looked to interpretations of the federal rule for guidance in construing Rule 52.12. See *id.* In *Farmland Dairies and Fair Lawn Dairies, Inc. v. Commissioner of the New York State Department of Agriculture and Markets*, 847 F.2d 1038, 1044 (2nd Cir.1988), the United States Court of Appeals instructed that these factors be considered in determining timeliness of a motion to intervene:

(1) [T]he length of time the applicant knew or should have known of his interest before making the motion; (2) prejudice to existing parties resulting from the applicant's delay; (3) prejudice to the applicant if the motion is denied; and (4) the presence of unusual circumstances militating for or against a finding of timeliness.

In *Farmland Dairies*, the court held that a motion to intervene was untimely because the parties had already settled the case.

We conclude that Western Blue's and Ward's motion to intervene was untimely. Both knew that the BZA and the Strohms were negotiating a settlement. The Strohms and the BZA signed their settlement agreement two days before Western Blue and Ward filed their motion. Western Blue and Ward decided to intervene only after they became unhappy with the BZA's handling of the case. They knew of their interest in the case for some time but permitted the BZA to represent that interest until the BZA decided to compromise.

Western Blue and Ward rely on *Model Housing and Development Corporation v.*

*Collector of Revenue,* 583 S.W.2d 574 (Mo. App.1979), and *State ex rel. Duggan v. Kirkwood,* 357 Mo. 325, 208 S.W.2d 257 (Mo. banc 1948), as support for their contention that their motion was timely. In those cases, the trial courts granted the movants' motions to intervene although the motions were filed a short time before trial. The parties in those cases, however, could not show that they would be prejudiced by the movants' intervention.

Allowing Western Blue and Ward to intervene at such a late stage, especially in light of their motivation to block settlement of the case, would greatly prejudice the BZA and the Strohms. So, we conclude that the motion to intervene was untimely and that the trial court properly denied it.[1]

All concur.

---

1. Because we have reached this conclusion, it is unnecessary for us to address Western Blue's and Ward's other contentions of error.