**F.W. DISPOSAL SOUTH, LLC, et al., Respondents,**

v.

**ST. LOUIS COUNTY COUNCIL and St. Louis County, Respondents**

**and**

**John Campisi, Appellant,**

**Semco Plastics, Inc., and Canaan Baptist Church, Proposed Intervenors/Appellants.**

**No. ED 90625.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 14, 2008.

---

1. Unless otherwise indicated, all further statutory references are to RSMo 2000.

Lester C. Stuckmeyer Jr., St. Louis, MO, for appellant—Canaan Baptist Church and Semco Plastics, Inc.

Kirk C. Stange, St. Louis, MO, for appellant—John Campisi.

Jeffrey B. Hunt, Robert H. Epstein, Thomas W. Wehrle, St. Louis, MO, for respondent—F.W. Disposal South, LLC, Fred Weber, Inc and F.W. Disposal, LLL.

ROY L. RICHTER, Presiding Judge.

John Campisi ("Campisi") appeals the trial court's denial of his after-trial motion. Semco Plastics, Inc. and Canaan Baptist Church ("Semco/Canaan") appeal the trial court's denial of their respective motions to intervene. We affirm.

## I. BACKGROUND

F.W. Disposal South applied to St. Louis County ("County") for a license to construct a waste transfer station. County denied the application and the St. Louis County Council ("Council") affirmed the denial on appeal. F.W. Disposal South, F.W. Disposal, and Fred Weber, Inc. (collectively "FW Parties") initiated suit against County and Council in the trial court in June, 2004. FW Parties' second amended petition contained 6 counts and alleged various constitutional violations by County and Council.

On October 19, 2007, the trial court entered partial summary judgment in favor of FW Parties on count one of their petition and ordered County to issue F.W. Disposal South a license to construct and operate the waste transfer station. The parties entered into a settlement agreement on October 31, whereby FW Parties agreed to dismiss all remaining counts against County and Council in exchange for County and Council agreeing to forego all appeal rights.

Semco/Canaan are a business and a church, respectively, and both are located approximately 300 feet from the proposed waste transfer station. Semco/Canaan filed their motions to intervene with the trial court on November 15, 2007. The trial court denied the motions on November 16 on the basis that they were untimely. Also on November 16, Campisi, the Councilman representing the District in which the proposed station would be located, filed his after-trial motion seeking to set aside the parties' settlement agreement. The trial court denied Campisi's motion. Campisi and Semco/Canaan appeal.

## II. DISCUSSION

We first address Campisi's points on appeal.[1] Campisi alleges that the trial court erred in finding that the County Attorney did not violate the Sunshine Law in negotiating the settlement agreement on behalf of County and Council. However, we need not reach the merits of Campisi's allegations because we find a jurisdictional defect to be dispositive of his claims.

An appellate court must always determine whether it has jurisdiction over an appeal. *Columbia Mut. Ins. Co. v.*

---

1. Both FW Parties and County and Council filed motions to dismiss Campisi's appeal due to lack of standing, among other issues.

*Epstein,* 200 S.W.3d 547, 549 (Mo.App. E.D.2006). The issue of standing is jurisdictional and therefore may be raised by a party at any time, or sua sponte by the court. *Singer v. Siedband,* 138 S.W.3d 750, 752 (Mo.App. E.D.2004). Without standing, a court has no power to grant relief. *Id.* Appellate review of whether a litigant has standing is de novo. *F.W. Disposal S., LLC v. St. Louis County,* 168 S.W.3d 607, 611 (Mo.App. E.D.2005).

 Only a party has standing to attempt to set aside or appeal from a judgment. *Wieners v. Doe,* 165 S.W.3d 520, 522 (Mo.App. S.D.2005). In order to be a party, a person "must either be named as a party in the original pleadings, or be later added as a party by appropriate trial court orders." *Wieners,* 165 S.W.3d at 522 (quoting *Proctor v. Dir. of Revenue,* 753 S.W.2d 69, 70 (Mo.App. S.D.1988)). Motions filed after judgment by strangers to the record present nothing for the court to rule on. *Sarich v. Munday,* 477 S.W.2d 716, 717 (Mo.App. E.D.1972).

 A review of the record reveals no evidence that Campisi has ever enjoyed party status in this case. Campisi was never a named party in the suit, and the trial court never added him as a party. In addition, Campisi himself acknowledged he was not a party to the case in County's motion to quash the notice of his deposition.[2] Furthermore, Campisi has actively dissociated himself from this case. The record indicates that County and Council successfully quashed the notice of Campi-

si's deposition, and that the trial court granted FW Parties' motion in limine to bar testimony from Campisi.[3] Neither of these orders was appealed.

 In his reply brief, Campisi argues that Missouri's Sunshine Law authorizes his after-trial motion because traditional notions of standing do not apply to the Sunshine Law. Campisi correctly notes that the Sunshine Law allows any citizen or taxpayer to bring a suit to enforce its provisions. Section 610.027(1) RSMo Cum.Supp.2004. However, the language of the statute clearly refers to original pleadings, and not post-trials motions like Campisi's. Furthermore, Campisi does not cite any case law to support his proposition that longstanding jurisdictional rules relating to standing and appellate procedure do not apply to Sunshine Law cases, nor do we find any support for this argument in existing statutory or case law.[4] In sum, Campisi's motion was not authorized by the Sunshine Law, and he was never a party to the underlying action. Because Campisi is a stranger to the case, he has no standing to file an after-trial motion, and we lack jurisdiction over his appeal. Point denied.

 We turn now to County and Council's motion for sanctions against Campisi's counsel. If an appellate court finds that an appeal is frivolous, Rule 84.19 allows the court to award just and proper damages to the respondent. *Mo. R. Civ. P.* 84.19. An appeal is frivolous if it pres-

---

**2.** Paragraph two of the motion to quash the notice of Campisi's deposition states, "Councilman Campisi is not a named party in the above-captioned case."

**3.** The County's motion in limine sought to bar testimony of all council members, but Councilman Campisi was the only council member named explicitly.

**4.** Missouri case law indicates that jurisdictional requirements and rules of appellate procedure apply with equal force to Sunshine Law cases. *See, e.g., Wright v. Rankin,* 109 S.W.3d 696, 700 (Mo.App. S.D.2003) (holding that the court did not have jurisdiction to address the merits of defendants' Sunshine Law claims because defendants were not aggrieved parties).

ents no justiciable question and is so devoid of merit on the face of the record that there is little chance that it can ever succeed. *Johnson v. Aldi, Inc.*, 971 S.W.2d 911, 912 (Mo.App. E.D.1998). The purpose of sanctions pursuant to Rule 84.19 is to prevent congestion of appellate dockets with meritless cases and to compensate respondents for the expenses they incur in defending against meritless appeals. *Id.*

■ Here, Campisi's appeal lacks any precedential support, and is not supported by a good faith argument for the extension or modification of existing law. Not only did Campisi clearly lack standing to file his after-trial motion, but he filed it in contravention of the St. Louis County Charter, which states that no officer "shall have any attorney other than the county counselor." County and Council's request for damages against Campisi's counsel for frivolous appeal is granted. We award County and Council $1,999.62 in attorneys' fees, representing the amount of time that they spent in responding to Campisi's frivolous appeal.

■ We now address Semco/Canaan's appeal. In their sole point on appeal, Semco/Canaan argue that the trial court erred in denying their motions to intervene on the basis that they were untimely. We disagree.

■ An appellate court will affirm the trial court's judgment denying a motion to intervene unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Flippin v. Cole-*

*man Trucking, Inc.*, 18 S.W.3d 17, 20 (Mo. App. E.D.2000). An application for intervention as a matter of right must be timely. *Model Hous. & Dev. Corp. v. Collector of Revenue*, 583 S.W.2d 574, 576 (Mo.App. E.D.1979). It is within a trial court's discretion to determine whether a motion to intervene is timely. *State ex rel Strohm v. Bd. of Zoning Adjustment of Kansas City*, 869 S.W.2d 302, 304 (Mo.App.W.D.1994). When considering the issue of timeliness, the trial court must determine both whether "substantial justice mandates the allowance of intervention and ... whether existing parties to the case will be prejudiced if intervention is permitted." *Id.* (quoting *Frost v. White*, 778 S.W.2d 670 (Mo.App. W.D.1989)). "There is a considerable reluctance on the part of the courts to allow intervention after the action has gone to judgment and a strong showing will be required of the applicant." *Frost*, 778 S.W.2d at 673.

■ Semco/Canaan did not move to intervene until judgment had been entered in this case.[5] However, Semco/Canaan have been aware of the proposal for the waste transfer station since at least June, 2003,[6] and this case has been pending in the trial court since June, 2004. Thus, Semco/Canaan knew about their respective interests for more than four years and failed to take any action to protect those interests until the parties settled the case and the court accepted the settlement agreement. Missouri courts will consider the length of time an applicant knew of his interest before moving to intervene when considering the timeliness of the motion.

---

**5.** The parties' settlement agreement became a judgment on October 31, 2007 when the court dismissed counts II through VII with prejudice, because it disposed of all claims between all parties. *See Woods v. Cory*, 192 S.W.3d 450, 457 (Mo.App. S.D.2006).

**6.** The record indicates that Semco sent a letter to the St. Louis County Department of Waste Management on May 22, 2003, and Canaan wrote to the St. Louis County Department of Health on June 16, 2003. Both letters expressed the parties' concerns regarding the proposed Waste Transfer Station.

*See Strohm,* 869 S.W.2d at 304 (holding that applicants' motion to intervene was untimely because the applicants "knew of their interest in the case for some time but permitted the [Defendant] to represent that interest until the [Defendant] decided to compromise"). On the basis of these facts, we cannot say that the trial court erred in finding that substantial justice did not mandate allowing intervention.[7]

 Furthermore, we believe that allowing Semco/Canaan to intervene at this late stage would prejudice the existing parties. While timeliness is a relative matter, "[i]n general it may be said that the concept comprehends the principle that delay by a litigant should not be allowed to unfairly inconvenience or disadvantage another." *Strohm,* 869 S.W.2d at 304 (quoting *State of Missouri ex rel Transit Cas. Co. v. Holt,* 411 S.W.2d 249, 253 (Mo.App. E.D.1967)). If Semco/Canaan were allowed to intervene, the finality of the settlement reached between FW Parties and County and Council would be jeopardized by an appeal.[8] After the trial court entered summary judgment in favor of FW Parties on their first count, County and Council decided it was in the public's best interests to forego appeal rights in exchange for FW Parties' dismissing their remaining claims against County and Council. FW Parties have an interest in maintaining their license for the waste transfer station, and County and Council have an interest in avoiding continuing litigation and its attendant expenses. Both of these interests would be prejudiced by allowing Semco/Canaan to inter-

vene. Generally, Missouri courts will not allow intervention at a late stage if the parties will be prejudiced by the applicants' intervention. *See Strohm,* 869 S.W.2d at 304.

 Finally, Semco/Canaan acknowledge that their "effort to intervene was sparked by the discovery that the County Attorney had made a settlement waiving forever the appeal rights of the County Council." An applicant cannot permit another to represent his interests and then seek to intervene only when the applicant becomes unhappy with the outcome. *Strohm,* 869 S.W.2d at 304 (affirming the trial court's denial of a motion to intervene, in part, because the applicants only moved to intervene after they became unhappy with the handling of the case). For the foregoing reasons, we cannot say that the trial court's decision was not supported by substantial evidence, was against the weight of the evidence, or erroneously declared or applied the law. Point denied.

### III. CONCLUSION

The judgment of the trial court is affirmed.

NANNETTE A. BAKER, C.J., and PATRICIA L. COHEN, J., Concur.

---

7. We also note that we are not persuaded by Semco/Canaan's argument that they did not seek intervention earlier because they were "abid[ing][by] the Trial Court's denial of intervention [by applicant Braham] two years ago." Motions to intervene must allege facts and interests specific to the applicant, and Semco/Canaan do not cite any legal authority for the proposition that a trial court's denying one applicant's motion to intervene excuses another applicant's failing to timely file its motion to intervene.

8. Semco/Canaan's brief acknowledges that they would seek to appeal, stating that "the prospects for success on appeal are high."