

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION ONE</u>

| | | |
|---|---|---|
| EMILY JANE CORSON, | ) | No. ED109820 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | Cause No. 21SL-DR00070 |
| | ) | |
| JOSHUA RYAN CORSON, | ) | Honorable Margaret T. Donnelly |
| | ) | |
| Respondent, | ) | |
| and | ) | |
| | ) | |
| ELAINE KORN, | ) | |
| | ) | |
| Proposed Intervenor/Appellant. | ) | Filed: February 8, 2022 |

**Introduction**

Elaine Korn appeals from the circuit court's denial of her motion to intervene in a dissolution of marriage action filed by her daughter Emily Corson against Joshua Corson. Korn sought to intervene in the action to seek visitation with the three minor children born during the Corsons' marriage. Emily Corson opposed Korn's intervention as untimely because Korn filed her motion on the same day that the circuit court entered a consent judgment of dissolution. Because Korn has failed to demonstrate that the circuit court abused its discretion in denying her motion as untimely filed, the judgment is affirmed.

## Factual Background and Procedural History

Emily Corson ("Emily") filed a petition for dissolution of her marriage to Joshua Corson on January 5, 2021. Joshua filed an answer and counterpetition on February 18, 2021. After working through the details of their divorce using a third-party mediator, the Corsons submitted a consent judgment of dissolution to the circuit court on June 1, 2021.

Elaine Korn is the maternal grandmother of the Corsons' three minor children. On June 15, 2021, at 5:44 pm, Korn filed a motion to intervene in the Corsons' dissolution action. Korn's motion alleged that she met the requirements of Rule 52.12(a) to intervene in the proceeding as a matter of right because § 452.402[1] provides grandparents with an unconditional right to intervene in marriage dissolution proceedings to seek visitation with their grandchildren. Korn alleged that she had an absolute right to intervene because the dissolution action was still pending.

The following day, on June 16, 2021, three relevant filings were made with the circuit court. At 9:22 am, Korn filed a verified Petition for Grandparent's Rights in the dissolution action, alleging that she had been unreasonably denied visitation with the Corsons' minor children since the Corsons' separation. Second, the circuit court signed and entered the Corsons' consent judgment of dissolution. The record before this Court does not specify what time the circuit court signed the judgment. Finally, that same afternoon, Emily filed suggestions in opposition to Korn's intervention, arguing that Korn failed to file her application for intervention in a timely manner. Emily also disputed the allegations that Korn had been unreasonably denied visitation with the children.

---

[1] All statutory references are to RSMo. Supp. 2020.

On June 24, 2021, Korn filed a motion to set aside the consent judgment. Korn's motion alleged that the circuit court's judgment did not resolve all of the issues between the parties because Korn's motion to intervene was filed before the circuit court entered the judgment. Korn's motion also cataloged several emails that Korn's counsel alleged were sent to the court and the court clerk providing notice of the filing of the motion to intervene and requesting a hearing date. Emily filed a motion to strike Korn's motion to set aside, arguing that Korn was not a party to the proceeding and therefore lacked standing. The circuit court heard arguments on the motions on July 15, 2021, and entered an order denying Korn's requests to intervene and set the judgment aside.[2] This appeal follows.

## Analysis

Korn's primary argument is that the circuit court erroneously applied the law when it overruled her motion to intervene because § 452.402 provides an absolute right to intervene in a dissolution action so long as the action remains pending.

### Standard of Review

This Court will affirm the circuit court's decision regarding intervention as a matter of right unless it is not supported by substantial evidence, "it is against the weight of the evidence, or it erroneously declares or applies the law." *Johnson v. State*, 366 S.W.3d 11, 20 (Mo. banc 2012). This Court reviews determinations regarding the timeliness of an application to intervene under Rule 52.12 for abuse of discretion. *Frost v. White*, 778 S.W.2d 670, 673 (Mo. App. W.D. 1989).

### Rule 52.12 Provides the Procedural Requirements for Korn's Application to Intervene

---

[2]  The circuit court did not provide a basis for its denial of the motion. "This Court is primarily concerned with the correctness of the result, not the route taken by the trial court to reach it; the trial court's judgment will be affirmed if it is correct on any ground supported by the record, regardless of whether the trial court relied on that ground." *Missouri Soybean Ass'n v. Missouri Clean Water Com'n*, 102 S.W.3d 10, 22 (Mo. banc 2003).

Rule 52.12 governs the procedure that a litigant must follow when seeking to intervene in a pending action. Rule 52.12 applies to both intervention as a matter of right and permissive intervention. This appeal deals only with the former.[3] Rule 52.12(a) permits intervention of right in two situations: 1) "when a statute of this state confers an unconditional right to intervene;" and 2) when the party claims an interest in the subject matter of the action and the disposition of the action may impair or impede that interest. In either situation, Rule 52.12(a) permits intervention only "upon timely application."[4]

Under Rule 52.12(a), a litigant seeking intervention of right must demonstrate both a right to intervene and a timely filed application. *Frost*, 778 S.W.2d at 672. Generally, when a party moving for intervention of right meets its burden of satisfying both requirements of the Rule, the circuit court has little discretion in the matter. *Id.* But it is fundamental that a movant's application for intervention of right be timely filed. *Id.* The circuit court has discretion to determine if an application is timely in light of the circumstances. *Id.* at 673. Even if a party has demonstrated a right to intervene, Rule 52.12(a) gives the circuit court the discretion to deny the motion if the application is untimely.

---

[3] Korn raised two points on appeal in her brief. The first is addressed in this Opinion. Korn's second point on appeal was presented as an alternative ground for reversal. Korn argued that, if she was not entitled to intervene as a matter of right, then the circuit court abused its discretion in refusing to allow her to intervene permissively under Rule 52.12(b). Nothing in the record before this Court suggests that Korn presented her argument for permissive intervention to the circuit court. Neither Korn's initial motion to intervene nor any of the subsequent attempts to set aside the judgment sought permissive intervention. "Appellate courts are merely courts of review for trial errors, and there can be no review of a matter which has not been presented to or expressly decided by the trial court." *Barkley v. McKeever Enterprises, Inc.*, 456 S.W.3d 829, 839 (Mo. banc 2015). Korn's second point on appeal is not preserved for review by this Court.

[4] Rule 52.12(a) provides:

> **(a) Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Korn sought to intervene into the dissolution action under § 452.402. That statute permits a circuit court to grant reasonable visitation rights to grandparents in certain enumerated circumstances. One such circumstance is when a grandparent has been unreasonably denied visitation for a period exceeding sixty days and the child's parents have filed for a dissolution of marriage. Section 452.402.1(1). To provide grandparents with a forum to seek visitation rights, section 452.402.1(1) states, "A grandparent shall have the right to intervene in any dissolution action solely on the issue of visitation rights."

There is no dispute among the parties that § 452.402 grants an unconditional right for grandparents to intervene in dissolution actions in the correct circumstances. Therefore, the question before this Court is whether the circuit court abused its discretion by denying Korn's application to intervene as untimely.[5] We hold that it did not.

*The Circuit Court Did Not Abuse its Discretion in Determining that Korn's Application to Intervene was Untimely*

While the question of whether a litigant has demonstrated a right to intervene generally involves the application of law, "[i]t is within the trial court's discretion to determine whether a motion to intervene is timely." *State ex rel. Strohm v. Bd. of Zoning Adjustment of Kansas City*, 869 S.W.2d 302, 304 (Mo. App. W.D. 1994). "[O]n appeal, discretionary rulings are presumed correct, and the appellant bears the burden of showing an abuse of discretion." *Anglim v. Mo. Pacific R. Co.*, 832 S.W.2d 298, 303 (Mo. banc 1992). A circuit court abuses its discretion only when its ruling is "clearly against the logic of the circumstances then before the court and is so

---

[5] Rule 52.12(c) lists additional procedural requirements for motions to intervene. These include a requirement that a motion to intervene be accompanied by "a pleading setting forth the claim or defense for which intervention is sought." Emily argued that Korn's motion to intervene was properly denied because Korn failed to comply with this requirement. Emily also argued that Korn failed to plead facts demonstrating that she was entitled to assert visitation rights under § 452.402. Because we hold that it was within the circuit court's discretion to find the motion to intervene untimely, we need not address these arguments.

arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration[.]" *Id.* If reasonable minds can differ about the propriety of the action taken by the circuit court, then no abuse of discretion has occurred. *Id.*

When exercising its discretion in determining whether an application is timely, the circuit court must examine more than merely the amount of time that has elapsed since the initial case was filed. Rather, circuit courts must examine the circumstances surrounding the proposed intervention and the prejudice that may result to the parties from allowing or preventing intervention. *See, e.g.*, *Strohm*, 869 S.W.2d at 304 (considering the "prejudice to existing parties resulting from the applicant's delay" and "prejudice to the applicant if the motion is denied."); *Frost*, 778 S.W.2d at 673 ("The most important consideration in deciding whether a motion for intervention is untimely is whether the delay in moving for intervention will prejudice the existing parties to the case.").

Because there are relatively few reported Missouri opinions on this issue, our courts have looked to federal court interpretations of Federal Rule of Civil Procedure 24, which is substantially similar to Missouri's Rule 52.12.[6] *Strohm*, 869 S.W.2d at 304; *Frost*, 778 S.W.2d at 673. The federal courts predominantly consider four factors in assessing the timeliness of a motion to intervene: 1) the length of time the proposed intervenor knew, or should have known, of the interest in the litigation before making the motion; 2) the prejudice to the existing parties that would result from the proposed intervenor's delay, 3) the prejudice to the proposed intervenor that would result if the motion is denied; and 4) the presence of unusual circumstances that militate either for or

---

[6] FRCP 24(a), which governs intervention of right, states:
> **(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

6

against a finding of timeliness. *See, e.g.*, *Lucas v. McKeithen*, 102 F.3d 171, 173 (5th Cir. 1996); *People Who Care v. Rockford Bd. of Educ.*, 68 F.3d 172, 175 (7th Cir. 1995).

Using these factors, the Second Circuit in *Farmland Dairies v. Commissioner of New York State Department of Agriculture and Markets*, held that a trial court properly denied intervention to a party that sought to intervene after a settlement was reached by the existing parties. 847 F.2d 1038, 1043-45 (2d Cir. 1988). The court reasoned that allowing intervention at that time would constitute significant prejudice to the existing parties because it would likely invalidate the settlement reached and the proposed intervenor sought intervention only after becoming dissatisfied with the settlement's terms. *Id.*

The Western District of this Court relied on *Farmland*, in its decision in *State ex rel. Strohm v. Board. of Zoning Adjustment of Kansas City*, 869 S.W.2d 302, 304 (Mo. App. W.D. 1994). *Strohm* similarly held that an application to intervene that was filed after the existing parties had entered into a settlement was untimely. *Id.* Using the factors outlined in *Farmland*, the court reasoned that the proposed intervenor was aware of the ongoing litigation but did not seek intervention until it became unhappy with the settlement. *Id.* Due to the proposed intervenor's unexplained delay and the likelihood of prejudice to the existing parties if their settlement went unapproved, the court held that the circuit court did not abuse its discretion in denying the application to intervene.

Korn argues that her application for intervention was timely because she filed it before the circuit court entered the consent judgment. It is not entirely clear, however, that this assertion is accurate. Korn filed a motion to intervene at 5:44 pm on the day before the court entered its judgment. Korn then filed a document styled "Petition for Grandparent's Rights" at 9:22 am on

7

the day the circuit court entered its judgment.[7] The judgment does not bear a timestamp, and the record does not otherwise suggest when it was entered. The motion itself was not heard or submitted until several weeks after entry of the judgment.

Given this sequence, Korn arguably submitted her application to intervene after entry of the judgment. In such a circumstance, the proposed intervenor must demonstrate that substantial justice mandates intervention. *State ex rel. Ashcroft v. Am. Triad Land Co., Inc.*, 712 S.W.2d 62, 64 (Mo. App. E.D. 1986) ("An application for intervention subsequent to trial, judgment or decree is not timely unless 'substantial justice mandates otherwise.'" (quoting *Model Hous. and Dev. Corp. v. Collector of Revenue*, 583 S.W.2d 574, 576 (Mo. App. E.D. 1979))). In the circumstances of this case, we need not determine whether Korn was required to make this additional showing. Even assuming Korn submitted her application to intervene at 5:44 pm the day before entry of judgment, the circuit court did not err by denying the application as untimely.

Though the elapsed time between institution of the initial dissolution proceeding and Korn's application to intervene was just more than five months, the record shows it was a very active five months for the litigation. In this relatively brief time period, the Corsons resolved their disputes and submitted a consent judgment to the circuit court for signature. Having done so, the Corsons effectively settled their case pending final court approval. The record indicates that the parties had utilized a mediator at their own expense to assist them in finalizing the details of their divorce. The record also indicates that Korn was made aware of the pending litigation. Even after the Corsons submitted their consent judgment, it took Korn two weeks to file her motion to

---

[7] Such a petition is generally required by Rule 52.12(c) to be filed along with a motion to intervene. Rule 52.12(c) states: "A person desiring to intervene shall serve a motion upon all parties affected thereby. The motion shall state the grounds therefor, and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of this state gives a right to intervene."

intervene. Allowing intervention at this point in the proceeding would have prejudiced the Corsons, who rightfully believed their litigation to be at its end.

This determination is consistent with the Western District's opinion in *Strohm*, discussed above. 869 S.W.2d at 304. Similar to this case, *Strohm* involved a proposed settlement pending approval by the circuit court. *Id.* The court noted that, allowing intervention would "greatly prejudice" the existing parties, particularly given the proposed intervenor's apparent intention to block settlement approval. *Id.* The same prejudice would result here if Korn were permitted to intervene.

Further weighing in favor of denial of the application, Korn has provided little explanation for the delay that justifies her decision not to seek intervention earlier. She has not claimed that she was unaware of her daughter's divorce proceeding, and she has not suggested that her claim for visitation rights only became available to her at the time she filed her motion to intervene. To the contrary, her motion to intervene reads as though Korn had been denied visitation from the date of the Corsons' initial separation, which took place in June of 2020, six months before the initial petition for dissolution. Korn did allege, for the first time in her motion to reconsider the circuit court's ruling on the motion to intervene, that she believed that the consent judgment contained a provision that limited her visitation with the children. However, this allegation was not contained in Korn's motion to intervene and nothing in the record demonstrates it was brought to the circuit court's attention before the court ruled on the motion to intervene. Moreover, other than mentioning this possibility in her brief, Korn did little to develop an argument before this Court that any provision in the Corsons' divorce judgment justifies her late intervention. This Court's independent review is foreclosed by the record on appeal, which does not contain any document regarding custody of the children or preventing visitation by Korn. Emily asserts in her

9

brief that nothing in the dissolution judgment denied Korn visitation with the children. Korn has not pointed to anything in the record on appeal to refute Emily's assertion.

Perhaps most significantly, there is unlikely to be meaningful prejudice to Korn because she has another method to seek visitation with her grandchildren. In addition to providing grandparents with a right to intervene in a dissolution action, section 452.402 also provides grandparents with the ability to file a motion to modify a judgment of dissolution on the issue of visitation. Section 452.402.1(1) provides, in relevant part, that "[g]randparents shall also have the right to file a motion to modify the original decree of dissolution to seek visitation rights when visitation has been denied to them." If Korn is, in fact, denied visitation with her grandchildren, she may still seek visitation rights via a motion to modify. Because the judgment in the Corsons' dissolution does not prevent Korn from seeking visitation with her grandchildren, the circuit court's denial of her application to intervene has not prejudiced Korn's ability to assert her interests.

Under the foregoing circumstances, it was within the circuit court's discretion to determine that Korn's application to intervene was untimely. Having failed to timely file her application, Korn was not entitled to intervene in the Corsons' dissolution proceeding under Rule 52.12(a).

### Conclusion

For the foregoing reasons, the circuit court's judgment is affirmed.

_____
John P. Torbitzky, J.

Kurt S. Odenwald, P.J., and
Kelly C. Broniec, J., concur.

10