

# SUPREME COURT OF MISSOURI
## en banc

HEATH A. DUNIVAN,         )
                               )
            Respondent,     )
                               )
vs.                             )       No. SC94641
                               )
STATE OF MISSOURI and      )
MISSOURI STATE HIGHWAY   )
PATROL,                  )
                               )
            Appellants.      )

### APPEAL FROM THE CIRCUIT COURT OF LACLEDE COUNTY
The Honorable Kenneth Hayden, Judge

### *Opinion issued July 21, 2015*

The Missouri Attorney General, the State of Missouri, and the Missouri State Highway Patrol (hereinafter, "the MSHP") appeal the circuit court's judgment overruling their motion to intervene in a sex offender registration matter filed by Heath A. Dunivan (hereinafter, "Dunivan") and the circuit court's judgment removing Dunivan from the Missouri sex offender registry. This Court holds the attorney general is permitted to intervene as a matter of right pursuant to Rule 52.12(a)(1) because section 27.060, RSMo 2000, permits the attorney general to "appear and interplead, answer or defend, in any proceeding or tribunal in which the state's interests are involved." This Court further holds the MSHP is permitted to intervene as a matter of right pursuant to Rule

52.12(a)(2) because the MSHP has an interest relating to the subject of the action due to its role in maintaining Missouri's sex offender registry that is not represented adequately by the local prosecuting attorney. The circuit court misapplied the law in overruling their motion to intervene. The circuit court's judgment is reversed, and the cause is remanded.

## Factual and Procedural History

On October 13, 1993, Dunivan pleaded guilty to one count of second-degree sex abuse, section 566.110, RSMo 1993, which required Dunivan to register as a sex offender. On March 29, 2012, Dunivan filed a petition in Laclede County circuit court to be removed from Missouri's sex offender registry and to be relieved from his obligation to register as a sex offender. Dunivan's petition sought removal from the registry pursuant to Missouri's Sex Offender Registration Act, section 589.400.8, RSMo Supp. 2009.[1] Dunivan provided the Laclede County prosecuting attorney notice of his petition pursuant to section 589.400.9. This statute does not require notice be sent to the attorney general or the MSHP.

On May 7, 2013, the circuit court held a hearing on Dunivan's petition. The Laclede County prosecuting attorney represented the state. Dunivan testified about the allegations in his petition. The prosecuting attorney did not cross-examine Dunivan or offer any argument in opposition to Dunivan's petition. The circuit court granted Dunivan the relief he requested from the bench and subsequently entered a docket entry

---

[1] All statutory references to Missouri's sex offender registration statutes cite RSMo Supp. 2009. All other statutory references are to RSMo 2000 unless otherwise indicated. Dunivan did not request relief from registering under the federal Sex Offender Registration and Notification Act, 42 U.S.C. §16901 *et seq*.

stating: "Court finds issues in favor of [Dunivan] and against [the state]." On May 20, 2013, the circuit court entered a written order that Dunivan be removed from the Missouri sex offender registry and relieved from his obligation to register as a sex offender. This order was not denominated a judgment nor was it directed at any party to take action to remove Dunivan from the registry.

On July 29, 2013, the attorney general and the MSHP received a copy of the circuit court's order. On August 19, 2013, the attorney general filed a motion to intervene as a matter of right pursuant to Rule 52.12(a) on behalf of itself and the MSHP, seeking to set aside the circuit court's order. In its motion to set aside, the attorney general argued that Dunivan's Missouri sex offender registration requirement was based upon an independent federal registration requirement and, therefore, Dunivan could not petition for removal from the Missouri sex offender registry pursuant to section 589.400.

The circuit court overruled the motion to intervene. The attorney general filed a notice of appeal with the Court of Appeals, Southern District. On February 25, 2014, the court of appeals issued a show cause order directing the attorney general to demonstrate why the intervention appeal should not be dismissed because the appeal was not taken from a final, appealable judgment. On March 6, 2014, the circuit court issued a judgment with respect to Dunivan's request for removal from the registry. The attorney general then sought an appeal from that final judgment. The court of appeals consolidated the cases and affirmed the circuit court's judgment overruling the attorney general's motion to intervene. The court of appeals did not reach the issue of whether the circuit court erred in removing Dunivan from Missouri's sex offender registry and relieving him of his

3

obligation to register in the future. This Court granted transfer. Mo. Const. art. V, sec. 10.

## Standard of Review

The circuit court's judgment regarding intervention as a matter of right will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Johnson v. State*, 366 S.W.3d 11, 20 (Mo. banc 2012). Intervention generally should "be allowed with considerable liberality." *Id.* (quoting *In re Liquidation of Prof'l Med. Ins. Co.*, 92 S.W.3d 775, 778 (Mo. banc 2003)).

## Attorney General's Intervention Claim

The attorney general argues the circuit court erred in overruling its motion to intervene as a matter of right because the circuit court misapplied Rule 52.12(a)(1). The attorney general claims it has the unconditional statutory right to intervene pursuant to section 27.060.

Rule 52.12(a) governs intervention as a matter of right. Rule 52.12(a)(1) provides: "Upon timely application anyone shall be permitted to intervene in an action … when a statute of this state confers an unconditional right to intervene …." *See also* section 507.090.1(1). Section 27.060 provides:

> The attorney general shall institute, in the name and on the behalf of the state, all civil suits and other proceedings at law or in equity requisite or necessary to protect the rights and interests of the state, and enforce any and all rights, interests or claims against any and all persons, firms or corporations in whatever court or jurisdiction such action may be

4

necessary; and he may also appear and interplead, answer or defend, in any proceeding or tribunal in which the state's interests are involved.

*Timeliness*

Dunivan maintains the attorney general's arguments are of no avail because the motion to intervene was not filed timely. Dunivan contends the attorney general's motion was filed ninety-one days after the circuit court's final judgment ordered him to be removed from Missouri's sex offender registry, and, therefore, the circuit court properly overruled the motion to intervene.

"[A]n application for leave to intervene subsequent to trial is unusual and seldom granted." *Frost v. Liberty Mut. Ins. Co.*, 813 S.W.2d 302, 304 (Mo. banc 1991). "Intervention as contemplated by *Rule 52.12* is intervention in a pending case. Postjudgment intervention is granted only if substantial justice requires intervention." *Id.* (internal citations omitted) (emphasis in original). The circuit court maintains discretion to determine whether a motion to intervene is filed timely. *State ex rel. Strohm v. Bd. of Zoning Adjustment of Kansas City*, 869 S.W.2d 302, 304 (Mo. App. W.D. 1994).

Dunivan's timeliness challenge fails for two reasons. First, the circuit court's judgment was not final at the time the attorney general sought to intervene. The circuit court must denominate its final ruling as a "judgment." *City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997). *See also* Rule 74.01. "The rule is an attempt to assist the litigants and the appellate courts by clearly distinguishing between when orders and rulings of the trial court are intended to be final and appealable and when the trial court seeks to retain jurisdiction over the issue." *Id.* Here, the circuit court issued a docket

5

entry on May 7, 2013, and an order memorializing that docket entry on May 20, 2013. The circuit court did not denominate its ruling as a judgment until March 6, 2014, several months after the attorney general sought to intervene and only after the court of appeals issued a show cause order to dismiss the appeal for lack of a final, appealable judgment.

Second, section 27.060 expressly states the attorney general may appear in "any proceeding or tribunal." The statute does not contain any language restricting the time in which the attorney general may appear and defend in an action when the state's interest is involved. This Court finds the attorney general's motion to intervene before the circuit court's judgment became final was filed timely.

*Unconditional Statutory Right to Intervene*

This Court must next determine whether a statute confers upon the attorney general an unconditional right to intervene pursuant to Rule 52.12(a)(1). The attorney general cites section 27.060, which provides the attorney general "may also appear and interplead, answer or defend, in any proceeding or tribunal in which the state's interests are involved."

In *State ex rel. Nixon v. Am. Tobacco Co., Inc.*, 34 S.W.3d 122, 135-36 (Mo. banc 2000), this Court discussed the scope of the attorney general's powers and duties. This Court recognized the attorney general is the "only constitutional officer whose powers and duties are not specifically provided for or limited by the constitution." *Id.* at 136. In the absence of specifically enumerated powers, this Court held the attorney general was vested "with all of the powers of the attorney general at common law." *Id.* While the attorney general's powers are broad, they are not limitless. *Id.* "As with other common-

6

law precepts, the attorney general's authority can be restricted by a statute enacted specifically for the purpose of limiting his power." *Id*.

"The Missouri attorney general derives his power to represent the state from both statutory and common law." *Clark Oil & Refining Corp. v. Ashcroft*, 639 S.W.2d 594, 596 (Mo. banc 1982). Chapter 27, RSMo, sets forth the attorney general's statutory powers and duties. Two statutes govern the attorney general's appearance in court proceedings. Section 27.050 directs the attorney general to appear on the state's behalf in all appellate cases to which the state is a party. Section 27.060, the statute at issue here, permits the attorney general to appear and interplead, answer or defend, in any proceeding or tribunal in which the state's interests are involved. The plain language of this statute only limits the attorney general's power to appear, defend, and interplead so long as the state's interests are involved. The state has an interest in a circuit court's judgment ordering the removal of a sex offender's name from Missouri's sex offender registry. *Kennedy v. State*, 411 S.W.3d 873, 876-77 (Mo. App. S.D. 2013). Accordingly, section 27.060 confers upon the attorney general the unconditional statutory right to intervene in Dunivan's action seeking to be removed from the Missouri sex offender registry.

### *Adequate Representation by Prosecuting Attorney*

Dunivan did not address whether section 27.060 confers upon the attorney general an unconditional right to intervene in any proceeding in which the state's interests are involved. Instead, Dunivan argues, because the state was already a party to the action, the attorney general's interest in the litigation was represented adequately by the Laclede

7

County prosecuting attorney. Dunivan claims that permitting the attorney general to intervene after the merits of the case have been decided adversely to the state gives the state a second bite at the apple to obtain a favorable outcome.

Rule 52.12(a) is written in the disjunctive. An applicant need only demonstrate it is entitled to intervention as a matter of right in one of two instances: (1) when a statute confers an unconditional right to intervene, *or* (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the disposition of the action may as a practical matter impair or impede the person's ability to protect that interest, and that interest is not represented adequately by existing parties.

Here, the attorney general demonstrated it is entitled to intervene as a matter of right because section 27.060 confers an unconditional statutory right to intervene. This demonstration alone is sufficient to overturn the circuit court's ruling. However, this Court recognizes the plain language of section 27.060 only limits the attorney general's involvement if the proceeding involves a state interest. The statute does not extinguish the attorney general's right to appear in a proceeding in which the state's interests are involved if the state is represented by a local prosecuting attorney. If the legislature intended to limit the attorney general's participation in that instance, it could have stated as much in the statute. Hence, section 27.060 permits the attorney general to appear in a proceeding when the state's interests are involved, even if the state is represented by a local prosecuting attorney.

## MSHP Intervention Claim

The attorney general next argues the circuit court erred in overruling its motion to intervene as a matter of right on behalf of the MSHP and the state. The attorney general claims the circuit court misapplied Rule 52.12(a)(2) because the MSHP demonstrated it had an absolute right to intervene.

In the absence of a statute conferring an unconditional right to intervene, Rule 52.12(a)(2) requires an entity seeking to intervene as a matter of right to file a timely motion and demonstrate: "(1) an interest relating to the property or transaction which is the subject of the action; (2) that the applicant's ability to protect the interest is impaired or impeded; and (3) that the existing parties are inadequately representing the applicant's interest." *Am. Tobacco Co., Inc.*, 34 S.W.3d at 127. The MSHP carries the burden of establishing the presence of all three of these elements. *Id.*

### *Timeliness*

Dunivan initially argues the MSHP's motion to intervene was filed untimely. Dunivan's argument fails because, as stated previously, the circuit court's order did not constitute a final, appealable judgment at the time the MHSP sought to intervene. The MSHP's motion to intervene was filed timely.

### *Interest Relating to the Subject of the Action*

The MSHP claims it has an interest relating to the subject of the action because it has an obligation to maintain Missouri's sex offender registry pursuant to sections 589.407 and 589.410. Dunivan downplays the MSHP's interest as ministerial because it does not choose whom to place on the registry.

9

The MSHP is required by statute to maintain Missouri's sex offender registry. Section 589.407.1 directs that any person required to register as a sex offender must complete an offender registration form developed by the MSHP. Section 589.410 requires the MSHP to enter all of the information on that form into its registry. This information is available upon request to members of the criminal justice system and other entities as provided by law. *Id.* Section 589.414 requires the MSHP to process all changes to the offender's registration information. Should the offender change his or her state of residence, this section requires the MSHP to inform the responsible official in the new state of residence shortly thereafter. *Id.* Finally, and most pertinent to this appeal, section 589.400.9(2) provides that if a court determines an offender is entitled to be removed or is exempt from registering, the MSHP must comply with that court order by removing or exempting the offender from the Missouri sex offender registry.[2]

In addition to its statutory interest and obligation in accurately maintaining Missouri's sex offender registry, the MSHP is a proper party to the appeal of the circuit court's judgment removing a sex offender from the registry because the state had an interest in these matters. *Kennedy*, 411 S.W.3d at 877. *See also Doe v. Toelke*, 389 S.W.3d 165 (Mo. banc 2012) (adjudicating the MSHP's appeal regarding retrospective application of registry requirements to an offender). Hence, the MSHP's ability to discharge its duties under Missouri's sex offender registration statutes is implicated here.

---

[2] While the circuit court's order determined that Dunivan should be removed from Missouri's sex offender registry, the order was not directed at any party to take action to achieve this result, as noted by the Laclede County circuit clerk's correspondence.

The MSHP demonstrated it has an interest in Dunivan's action seeking removal from Missouri's sex offender registry.

*Impairment or Impediment to Protect Interest*

The MSHP argues that preventing it from intervening in Dunivan's action will impede it from discharging its responsibilities in maintaining Missouri's sex offender registry. If Dunivan has an independent obligation to register as a sex offender in Missouri under federal law, then the circuit court's order directing him to be removed from Missouri's sex offender registry leaves the MSHP in an uncertain position as to how to proceed in discharging its duties. Thus, the MSHP has demonstrated an impairment or impediment to protect its statutory interest in maintaining an accurate sex offender registry.

*Adequate Representation by Prosecuting Attorney*

Finally, the MSHP claims its interests were not represented adequately by the Laclede County prosecuting attorney. Dunivan disagrees, claiming the prosecuting attorney adequately represented MSHP's interests by issuing witness subpoenas, appearing and representing the state at the hearing, and contacting the victim to inquire if she wished to attend the proceedings. While the prosecuting attorney performed these tasks, she did not offer any evidence or argument concerning Dunivan's independent obligation to register in Missouri under federal law. The MSHP maintains it would have apprised the circuit court of the interplay between the Missouri and federal sex offender registration requirements, which the circuit court did not take into account when

11

rendering its decision.  Accordingly, the MSHP's interests were not represented adequately below.

The MSHP has carried its burden of establishing the presence of all three of these elements under Rule 52.12(a)(2).  "When an applicant satisfies these elements … the right to intervene is absolute and the motion to intervene may not be denied."  *Am. Tobacco Co., Inc.*, 34 S.W.3d at 127.  The circuit court erred in overruling the MSHP's motion to intervene.

### Dunivan's Sex Offender Registration Requirement

Finally, the attorney general argues the circuit court erred in sustaining Dunivan's request for removal from Missouri's sex offender registry because the circuit court misapplied Missouri law and failed to apply federal law.  The attorney general contends Dunivan has an independent obligation to register in Missouri under federal law and, therefore, cannot be removed from Missouri's sex offender registry.  Dunivan counters that the attorney general is foreclosed from contesting the merits of the circuit court's judgment because it did not raise the issue below.  This Court need not address this claim in light of the holding that the attorney general and the MSHP have an absolute right to intervene in the matter on remand.

## Conclusion

The circuit court erred in overruling the attorney general's motion to intervene as a matter of right on behalf of itself, the state, and the MSHP.  The circuit court's judgment is reversed, and the cause is remanded.

_____

GEORGE W. DRAPER III, JUDGE

All concur.