

# In the Missouri Court of Appeals
## Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| REGIONAL CONVENTION AND SPORTS COMPLEX AUTHORITY, | ) ) ) | No. ED103320-01 |
| Plaintiff/Respondent, | ) ) | Appeal from the Circuit Court of the City of St. Louis |
| vs. | ) ) | |
| CITY OF ST. LOUIS, | ) ) | |
| Defendant/Respondent, | ) ) | Honorable Thomas J. Frawley |
| JEANETTE OXFORD, et. al., | ) ) | |
| Proposed Intervenors/Appellants. | ) | FILED: September 27, 2016 |

Jeanette Oxford, William White, and Earl Garrett (collectively, "Appellants") appeal

from the trial court's judgment denying Appellants' right to intervene in the action below and the

invalidation of a St. Louis City ordinance.  The only issue we address in this appeal is whether or

not the trial court erred in denying intervention to Appellants.  Finding no error, we affirm.[1]

## I. BACKGROUND

The action before the trial court in which Appellants attempted to intervene concerned

the validity of City Ordinance 66509 ("the Ordinance"), codified as Chapter 3.91 of the Revised

---

[1] This is the second opinion in this case.  The Supreme Court granted transfer on an earlier opinion and retransferred to this Court to reconsider in light of State ex rel. Koster v. ConocoPhillips Co., No. SC95444, 2016 Westlaw 3554339 (Mo. banc June 28, 2016), after our original opinion was filed.

Code of the City of St. Louis. The Regional Convention and Sports Complex Authority ("the RSA") brought suit against the City of St. Louis ("the City") seeking a declaration that the Ordinance was unconstitutional and void. The Ordinance was enacted in 2002 via initiative petition and was designed to bar the City from providing financial assistance to the development of a professional sports facility without first: (1) preparing a fiscal note and making it available to the public for at least twenty days prior to action; (2) holding a public hearing allowing opportunity for proponents and opponents to be heard; and (3) obtaining voter approval for financial assistance by a majority vote of City of St Louis voters.

The RSA, along with a stadium task force formed by Governor Nixon, were developing a financing plan for construction and operation of a sports stadium to present to the St. Louis Rams Football Club and the National Football League ("NFL"). The financing plan developed by the RSA included an assumption that the City would provide financial assistance to the development of a new football stadium. As the Ordinance prohibited the City from providing any financial assistance without a public hearing and vote, RSA brought a declaratory judgment action against the City seeking a ruling that the Ordinance does not apply to a financing plan for a new stadium or, alternatively, is unconstitutional and void.

Appellants are all residents, registered voters, and taxpayers in the City of St. Louis. In addition, one of the Appellants, Jeanette Mott Oxford, is one of the original signatories of the petition to place the ordinance on the City ballot in 2002. Appellants filed a Motion for Leave to Intervene in the case as defendants, seeking a public hearing and public vote on whether financial assistance would be provided for the construction of a new professional sports facility pursuant to their rights as set forth in the Ordinance.

On August 3, 2015, the trial court entered two separate Orders and Judgments, one of which held that Appellants did not meet the burden to intervene of right, nor did they meet the requirements for permissive intervention[2], and therefore denied Appellants' Motion to Intervene. The Court also entered a judgment in favor of the RSA invalidating the ordinance. This appeal followed.[3]

## II. DISCUSSION

Appellants raise five points on appeal. Appellants' first two points on appeal claim the trial court erred in denying Appellants' Motion for Leave to Intervene because they had a right to intervene as registered voters and taxpayers and were not adequately being represented by the City. Appellants also claim the trial court's denial of their Motion for Leave to Intervene deprived them of a property and liberty interest protected by the Fourteenth Amendment to the United States Constitution.

In their third point, Appellants allege the trial court erred in striking portions of their affidavits because the stricken portions included Appellants' offer of evidence about their interests in the case. Appellants claim the trial court abused its discretion and could not have properly denied their Motion for Leave to Intervene without considering the evidence stricken from their affidavits.

Finally, in Appellants' fourth and fifth points, they challenge the trial court's judgment in favor of the RSA on the merits that the Ordinance was invalid and too vague, claiming that decision was erroneous as a matter of law.

---

[2] Appellants did not appeal the trial court's denial of permissive intervention.
[3] In State ex rel. Koster v. ConocoPhillips, No. SC95444, 2016 Westlaw 3554339, at *3-4 (Mo. banc June 28, 2016), the Supreme Court held that an order denying a motion to intervene may only be appealed as part of the final judgment in a case. The Court held that the order denying intervention is considered incorporated into the final judgment.

A. Denial of Motion for Leave to Intervene

Appellants' first two points on appeal allege the trial court erred in denying Appellants' Motion for Leave to Intervene, arguing this ruling was contrary to law as Appellants were registered voters and taxpayers with an interest in the litigation, which was not being adequately represented by the City. Appellants also claim their right to vote as provided by the Ordinance constituted a property and liberty interest protected by the Fourteenth Amendment to the United States Constitution, and denying their right to intervene took away this interest without due process.

Standard of Review

The trial court's judgment denying Appellants' request to intervene as a matter of right will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. ConocoPhillips, 2016 Westlaw 3554339, at *3-4, ___ S.W.3d at ___; Dunivan v. State, 466 S.W.3d 514, 517 (Mo. banc 2015); Myers v. City of Springfield, 445 S.W.3d 608, 611 (Mo. App. S.D. 2014). "It is the [proposed] intervenor who must meet all of the requirements." Myers, 445 S.W.3d at 611, citing In re Clarkson Kehrs Mill Transp. Dev. Dist., 308 S.W.3d 748, 753 (Mo. App. E.D. 2010).

Analysis

In support of their Motion for Leave to Intervene, Appellants rely on their status as registered voters and taxpayers to show their interest in the matter. They claim their interest was not adequately represented by the City at the trial court level.

Rule 52.12(a)(2) governs intervention as a matter of right when not explicitly provided by statute, and it allows for intervention:

> when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the

4

action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Thus, in order to intervene as a matter of right, the burden is on Appellants to show: (1) they have an interest in the subject matter at hand; (2) disposition of the matter may impede Appellants' ability to protect that interest; and (3) Appellants' interest is not adequately represented by the existing parties. Rule 52.12(a)(2); Ring v. Metro. St. Louis Sewer Dist., 41 S.W.3d 487, 491 (Mo. App. E.D. 2000). "The trial court may deny the motion to intervene if one of the requirements is not met." Ring, 41 S.W.3d at 491-92.

The level of interest required to intervene as a matter of right is high, and the interest "'must be a direct and immediate claim to, and have its origin in, the demand made or the proceeds sought or prayed by one of the parties to the original action." Myers, 445 S.W.3d at 611, quoting LeChien v. St. Louis Concessions, Inc., 33 S.W.3d 602, 604 (Mo. App. E.D. 2000).

An interest necessary for intervention as a matter of right does not include a mere, consequential, remote or conjectural possibility of being affected as a result of the action, but must be a direct claim upon the subject matter such that the intervenor will either gain or lose by direct operation of judgment.

State ex rel. Nixon v. Am. Tobacco Co., Inc., 34 S.W.3d 122, 128 (Mo. banc 2000).

The trial court found that status as a registered voter and signatory to a referendum petition is not an interest of adequate directness or immediacy as required to intervene as a matter of right. We agree. As in Myers, Appellants here "merely claim to be signers of the referendum petition; they do not claim to be adjoining landowners, or citizens who claim some specific economic harm." 445 S.W.3d at 614. "That is simply not enough in this case. Appellants do not have a direct interest in the proceedings merely as registered voters and as signers of the petition." Id. Appellants' real interest here can be characterized the same way as the appellants in Myers, none other than a "generalized concern for the promotion of laws." Id.

5

Appellants' interest in having the Ordinance enforced is no greater than any other registered voter or taxpayer in the City of St. Louis, exactly the type of "consequential" or "conjectural possibility of being affected as a result of the action," which is not enough to constitute an interest necessary for intervention as a matter of right. State ex rel. Nixon, 34 S.W.3d at 128.

Appellants also have failed to meet the second requirement of Rule 52.12(a)(2), that disposition of the matter may impede Appellants' ability to protect their interest. Appellants argue that they had rights that the trial court took away when it invalidated the Ordinance. However, the action in the trial court did not concern Appellants' alleged interest in ensuring a public hearing and vote on City financial assistance to a new professional sports facility. The action at the trial court was solely concerned with the validity of the Ordinance.

Having found that Appellants did not meet either the first or second requirement, we need not address the third requirement.

The record clearly demonstrates that Appellants failed to show an adequate interest in the subject matter and failed to show that their ability to protect that interest would be impeded absent intervention. The trial court's decision not to allow Appellants to intervene was supported by substantial evidence. Thus, Appellants' first point on appeal is denied.

Appellants' second point alleges they were deprived of a property and liberty interest by the trial court without due process in violation of their Fourteenth Amendment rights. This argument, however, was never made to the trial court. "As a general rule, an appellate court will not convict a trial court of error on an issue which was not before it." River City Dev. Assocs., LLC v. Accurate Disbursing Co., LLC, 345 S.W.3d 867, 873 (Mo. App. E.D. 2011). Appellants did not make any argument to the trial court relating to their Fourteenth Amendment rights to due process, nor did they submit any motion for directed verdict on this issue. This issue is not

6

properly preserved for our review and thus Appellants' second point on appeal is considered waived. Crystal Tire Co. v. Home Serv. Oil Co., 525 S.W.2d 317, 320-21 (Mo. banc 1975).

## B. Striking Portions of Appellants' Affidavits

In Appellants' third point on appeal, they allege the trial court erred in striking portions of their affidavits because the stricken portions included offers of evidence about Appellants' interest in the subject matter, and the trial court could not have properly denied the Motion for Leave to Intervene without considering this stricken evidence.

### Standard of Review

"[W]ith respect to evidentiary rulings, the trial court 'enjoys considerable discretion in the admission or exclusion of evidence, and, absent clear abuse of discretion, its action will not be grounds for reversal.'" Moore v. Ford Motor Co., 332 S.W.3d 749, 756 (Mo. banc 2011) (quoting State v. Mayes, 63 S.W.3d 615, 629 (Mo. banc 2001)).

### Analysis

The portions of the affidavits stricken by the trial court included claims that Appellants had seen press reports, which Appellants argue would have helped them demonstrate their concern that the City was not adequately defending the Ordinance, as well as purported background information about the context of the passing of the Ordinance.

Simply put, press reports and information about the passage of the Ordinance are completely irrelevant to the issue at hand, which was whether Appellants had an interest of the level necessary to justify intervention as a matter of right. None of this purported evidence would have made Appellants' argument that they had an interest based on their status as registered voters and taxpayers any stronger. The trial court was well within its discretion in striking these portions of the submitted affidavits. Appellants' third point on appeal is denied.

C. Arguments Pertaining to the Trial Court's Decision to Invalidate the Ordinance

Appellants' fourth and fifth points on appeal seek to challenge the trial court's judgment on the merits. They allege the trial court erred when it invalidated the Ordinance because that decision was erroneous as a matter of law. Appellants admit that this Court could only reach the merits of the trial court's decision on the validity of the ordinance if we found that Appellants were improperly denied intervention.[4] However, as we are affirming the trial court's denial of Appellants' right to intervene, Appellants concede that we need not reach the merits of their attack or the underlying judgment. Therefore, we decline to address Appellants' fourth and fifth points.

## III. CONCLUSION

The judgment of the trial court denying Appellants' Motion for Leave to Intervene is affirmed.

_____
ROY L. RICHTER, Judge

Robert G. Dowd, Jr., P.J., concurs.
Robert M. Clayton III, J., concurs.

---

[4] We will assume for the sake of argument this is true. However, we have been cited to no Missouri case in which the appellate court ever addressed challenges to the underlying judgment even when the appellate court found the trial court erred in denying intervention. Illustrative is Dunivan v. State, 466 S.W.3d 514 (Mo. banc 2015), in which the Supreme Court found the Attorney General and the Missouri State Highway Patrol had been improperly denied leave to intervene. The Supreme Court did not address the intervenors' challenges to the underlying judgment on the merits but rather reversed the judgment and remanded the case to the trial court. Here, if we had found the trial court improperly denied intervention, reversal of the underlying judgment and remand to the trial court to allow intervenors to participate in the case likely would have been the appropriate disposition.