

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| SHANNON ROBINSON, et al., | ) | *Opinion issued August 15, 2023* |
| Respondents, | ) | |
| | ) | |
| v. | ) | No. SC99864 |
| | ) | |
| MISSOURI DEPARTMENT OF HEALTH AND SENIOR SERVICES, | ) ) | |
| Respondent; | ) | |
| | ) | |
| ST. LOUIS COUNTY, | ) | |
| Appellant; | ) | |
| | ) | |
| BOARD OF TRUSTEES, LIVINGSTON COUNTY HEALTH CENTER and MELANIE HUTTON, ADMINISTRATOR, COOPER COUNTY PUBLIC HEALTH CENTER, | ) ) ) ) ) | |
| Appellants; | ) | |
| | ) | |
| JEFFERSON COUNTY HEALTH CENTER, | ) | |
| Appellant; | ) | |
| | ) | |
| JACKSON COUNTY, MISSOURI, | ) | |
| Appellant. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY
The Honorable Daniel R. Green, Judge

St. Louis and Jackson counties, the administrator of the Cooper County public

health center, and the board of trustees of the Livingston County health center (collectively,

"the intervenors") appeal the circuit court's judgment overruling their post-judgment

motions to intervene as a matter of right. Because the administrator of the Cooper County public health center and the board of trustees of the Livingston County health center did not comply with Rule 52.12(c) in that they did not file a pleading setting forth the defense for which intervention was sought, the circuit court did not err in overruling their motions. The circuit court, however, did err in overruling the counties' joint motion to intervene as a matter of right. The circuit court's judgment and its post-judgment order denying intervention are vacated, and the case is remanded. On remand, the circuit court is instructed to sustain the counties' motion to intervene, order the counties' proposed answer filed, and enter an amended judgment against DHSS and the counties.

## Background

In January 2021, Shannon Robinson, B&R STL LLC, and Church of the Word (collectively "the plaintiffs"), filed suit for a declaratory judgment against the department of health and senior services ("DHSS"). In count I, the plaintiffs sought a judgment declaring:

> [A]ny DHSS rule contained in 19 CSR 20-20.010 *et seq.* that purports to give an officer of a local Department of Health authority to independently enact general rules and regulations applicable to an entire county, in contravention of a local ordinance and Mo. Rev. Stat. 192.300, and without limitations set forth in Mo. Rev. Stat. 536.024 or any other procedural protection, is invalid as a matter of law[.]

In the same count, the plaintiffs further requested attorney fees and costs as well as "such other and further relief as the court deems just and proper." In count II, the plaintiffs sought a judgment declaring DHSS must determine whether circumstances exist that, under 19 C.S.R. 20-20.050(3), would authorize only the director of DHSS to take certain actions.

The plaintiffs moved for summary judgment on both counts and, after briefing and a hearing in October 2021, the circuit court sustained the plaintiffs' motion. The circuit court then entered a judgment on November 22, 2021. Among other things, the judgment: (1) declared 19 C.S.R. 20-20.040(2)(G)-(I), 19 C.S.R. 20-20.040(6), and 19 C.S.R. 20-20.050(3) constitutionally invalid; (2) ordered the regulations removed from the register; (3) ordered DHSS and local health authorities, as defined by 19 C.S.R. 20-20.010(26) to include a "city or county health officer, director of an organized health department or of a local board of health within a given jurisdiction," to refrain from using the regulations to issue rules and regulations that require independent discretion; and (4) declared null and void all orders or rules issued by DHSS or local health authorities outside the protection of the Missouri administrative procedure act that constitute a statement of general applicability that implements, interprets, or prescribes law or policy or closes a business based on the opinion or discretion of an agency official without any standards or guidance. The circuit court's declaration that 19 C.S.R. 20-20.050(3) is constitutionally invalid rendered moot the relief sought in count II.

On December 2, 2021, the attorney general announced he would not file an appeal of the judgment on behalf of DHSS. On December 13, 2021, St. Louis and Jackson counties, (collectively, "the counties") filed a joint motion to intervene as a matter of right and permissively along with a proposed answer and affirmative defenses, a motion for new trial, and a notice of appeal. Between December 14 and 17, the administrator of the Cooper

3

County public health center, the board of trustees of the Jefferson County health center,[1] and the board of trustees for the Livingston County health center also filed motions to intervene. The administrator of the Cooper County Public Health Center and the board of trustees of the Livingston County Health Center did not file proposed pleadings setting forth the defense for which intervention was sought.

On December 22, 2021, within the time prescribed by Rule 75.01, the circuit court entered an order overruling all motions to intervene. The order did not articulate the grounds for the circuit court's ruling. The intervenors appealed to the court of appeals, their appeals were consolidated, and this Court granted transfer after opinion by the court of appeals. Mo. Const. art. V, sec. 10.

## I. Motion to Dismiss Appeal Overruled

After this Court granted transfer, the plaintiffs filed a motion to dismiss the intervenors' appeal asserting the intervenors are not "parties" "aggrieved" by the circuit court's November 22 judgment against DHSS. Because the plaintiffs' motion to dismiss the appeal challenges this Court's appellate jurisdiction, the Court first examines its jurisdiction over the appeal.

"[T]he right to appeal is purely statutory." *Butala v. Curators of Univ. of Mo.*, 620 S.W.3d 89, 93 (Mo. banc 2021). When no statute grants the right to appeal, none exists. *D.E.G. v. Juv. Officer of Jackson Cnty.*, 601 S.W.3d 212, 216 (Mo. banc 2020).

---

[1] Although the board of trustees of the Jefferson County health center filed a notice of appeal and was a signatory on briefs filed in the court of appeals, it did not participate after transfer from the court of appeals. As a result, it has abandoned its appeal. *Wilson v. City of St. Louis*, 662 S.W.3d 749, 753 n.3 (Mo. banc 2023).

The intervenors invoke the right to appeal granted in section 512.020(5), RSMo 2016, which provides:

> Any *party* to a suit *aggrieved* by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his or her appeal to a court having appellate jurisdiction from any . . . [f]inal judgment in the case . . . .

(Emphasis added).

Because the circuit court overruled the intervenors' motions to intervene, the plaintiffs claim the intervenors are not "parties" "aggrieved" by the circuit court's judgment and, therefore, have no right to appeal pursuant to section 512.020(5). The plaintiffs overlook that section 512.020(5) permits parties aggrieved by "any judgment" in the case to appeal from the final judgment.

In *State ex rel. Koster v. ConocoPhillips Co.*, 493 S.W.3d 397, 399 (Mo. banc 2016), a non-party filed a motion to intervene as a matter of right prior to judgment. The circuit court overruled the motion, and the proposed intervenor did not file an appeal from the circuit court's interlocutory order. *Id.* After the circuit court entered its final judgment in the case, the proposed intervenor appealed from that judgment. *Id.* In finding the proposed intervenor properly appealed from the final judgment, this Court stated:

> The word "aggrieved" refers to the phrase "any judgment" in the introductory language, not to the phrase "Final judgment" in subdivision (5). Obviously, the phrase "any judgment" includes interlocutory orders because subdivisions (1) through (3) expressly provide for immediate appeals from particular instances of such orders. As a result, if a party is "aggrieved" by an interlocutory order from which an immediate appeal is not permitted by subdivisions (1) through (3) . . . then the plain language of section 512.020(5) permits an appeal from the "Final judgment" with no requirement that the party separately be "aggrieved" by that final judgment.

5

*Id.* at 401 n.5.

The plaintiffs claim the intervenors cannot take an appeal from the final judgment because the circuit court entered its order denying intervention after it entered the November 22 judgment and, as a result, that order is not incorporated in the November 22 judgment and, therefore, not reviewable on appeal from the November 22 judgment. While this case does present a different procedural posture than *ConocoPhillips* in that the intervenors filed their motions to intervene after the circuit court entered judgment, that procedural difference does not compel a different result.

Because a final judgment adjudicates "all the claims and the rights and liabilities of all the parties," it necessarily incorporates the circuit court's interlocutory orders adjudicating fewer than all issues in the litigation. *Id.* at 401. An order overruling a motion to intervene is an interlocutory order. *Id.* Therefore, an order overruling a motion to intervene is incorporated into the final judgment, and it is immaterial whether the denial order is entered before or after entry of the judgment that becomes final. *See id.* While the intervenors are not parties aggrieved by the November 22 judgment entered against DHSS, they are parties to and aggrieved by the circuit court's order overruling their motions to intervene, which is incorporated into the final judgment. *Id.* The plain language of section 512.020(5) authorizes the proposed intervenors who are aggrieved by the overruling of a motion to intervene to appeal from the final judgment incorporating that order. *Id.* Accordingly, the intervenors may appeal from the final judgment to review the denial of intervention.

6

Although a post-judgment motion to intervene as a matter of right does not extend the period during which a circuit court retains jurisdiction over a judgment under Rule 75.01, *State ex rel. AJKJ, Inc. v. Hellmann*, 574 S.W.3d 239, 241-42 (Mo. banc 2019), such a motion is cognizable, *see Frost v. White* 778 S.W.2d 670, 672 (Mo. App. 1989) [*Frost I*] (reviewing an order overruling a post-judgment motion to intervene); *see also Breitenfeld v. Sch. Dist. of Clayton*, 399 S.W.3d 816, 836-37 (Mo. banc 2013) (upholding an order granting intervention on remand); *Empire Dist. Elec. Co. v. Coverdell*, 588 S.W.3d 225, 241 (Mo. App. 2019) (noting this Court has upheld orders granting intervention following the entry of judgment and remand to the trial court).

Pursuant to Rule 75.01,"[t]he trial court retains control over judgments during the thirty-day period after entry of judgment . . . ." Therefore, the November 22 judgment did not become final until the end of the day on December 22, 2021, the day the circuit court overruled the intervenors' motions. Because the motions to intervene were filed and adjudicated by the circuit court while it retained jurisdiction pursuant to Rule 75.01, the order denying intervention is incorporated into the final judgment and is reviewable on appeal.

Because the circuit court denied intervention, however, the intervenors are not parties aggrieved by the November 22 judgment against DHSS.[2] Accordingly, this Court

---

[2] Section 512.020(5) "does not require that the aggrieved party be a 'party' in the sense that he either has or is subject to a pending claim, notwithstanding the effects of the judgment of which he complains." *Aherron v. St. John's Med. Ctr.*, 713 S.W.2d 498, 500 (Mo. banc 1986).

has appellate jurisdiction, pursuant to section 512.020(5), to properly review the circuit court's denial of intervention, but its review is limited to claims of error regarding the circuit court's order denying intervention.[3]

## II. Circuit Court Erred in Denying Intervention

The intervenors first claim the circuit court erred in overruling their motions to intervene as a matter of right because the motions were timely, the intervenors have an interest in the subject matter of the action, disposition of the action will impede their interests, and existing parties no longer adequately represent their interest. The plaintiffs contend the circuit correctly overruled the motions because they were untimely, substantial justice does not mandate intervention, and the intervenors do not possess a valid interest in the subject matter of the action.[4]

A circuit court's decision regarding intervention as a matter of right will be reversed when "there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." *Johnson v. State*, 366 S.W.3d 11, 20 (Mo. banc 2012). "This Court reviews determinations regarding the timeliness of an application to intervene under Rule 52.12 for abuse of discretion." *Corson v. Corson*, 640 S.W.3d 785, 788 (Mo. banc 2022). But, when an intervenor demonstrates the criteria for intervention under Rule 52.12(a) are met, "the right to intervene is absolute and the motion to intervene

---

[3] In addition to their claims regarding the denial of intervention, the intervenors raised seven points on appeal relating to claimed circuit court error in the judgment against DHSS.

[4] In its respondent's brief, the state contends the intervenors failed to preserve this claim for appeal and failed to comply with Rule 84.04(d)'s requirement that they "[e]xplain . . . why, in the context of the case, those legal reasons support the claim of reversible error." The Court finds no merit in these contentions.

may not be denied." *State ex rel. Nixon v. Am. Tobacco Co.*, 34 S.W.3d 122, 127 (Mo. banc 2000). When the facts are not in dispute and the Court is tasked with reviewing whether the law was properly applied to the facts, the Court's review is *de novo*. *City of Harrisonville v. Bd. of Trs. of Mo. Petroleum Storage Tank Ins. Fund*, 655 S.W.3d 770, 774 (Mo. banc 2022).

> Rule 52.12(a) establishes the requirements for intervention of right:
>
> Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Under Rule 52.12(a), an intervenor must file a timely motion and must demonstrate the following criteria are met: "(1) an interest relating to the property or transaction which is the subject of the action; (2) that the applicant's ability to protect the interest is impaired or impeded; and (3) that the existing parties are inadequately representing the applicant's interest." *ConocoPhillips*, 493 S.W.3d at 403 (quoting *State ex rel. Nixon*, 34 S.W.3d at 127). Additionally, Rule 52.12(c) requires that a motion to intervene must be "accompanied by a pleading setting forth the claim or defense for which intervention is sought."

The motions filed by the administrator of the Cooper County public health center and the board of trustees of the Livingston County health center were not accompanied by a pleading setting forth the claim or defense for which intervention was sought, as required by Rule 52.12(c). They were accompanied only by motions for reconsideration or for a

9

new trial. This defect is fatal to their motions to intervene. "The requirement that a would-be intervenor identify in a pleading the claim it wishes to assert or defend is not an inconsequential matter of form. Instead, that pleading defines the role the intervenor will play and the procedural rights it will have." *State ex rel. Country Mut. Ins. Co. v. May*, 620 S.W.3d 96, 101 (Mo. banc 2021) (Wilson, J., concurring). The circuit court did not err in overruling the Cooper County public health center administrator's and the Livingston County health center board of trustees' motions to intervene.

The counties, in contrast, filed a proposed answer and affirmative defenses with their motion to intervene, so the Court considers whether their motion was timely and whether they demonstrated Rule 52.12(a)'s criteria were met. Because the counties' interest in the subject of the action informs the analysis of Rule 52.12(a)'s other requirements, the Court considers out of turn whether the counties adequately demonstrated an interest in the subject of the action.

Rule 52.12(a) requires that a proposed intervenor have "an interest relating to the subject of the action." *Dunivan v. State*, 466 S.W.3d 514, 519 (Mo. banc 2015). This Court has held such an interest "does not include a mere, consequential, remote or conjectural possibility of being affected as a result of the action, but must be a direct claim upon the subject matter such that the intervenor will either gain or lose by direct operation of judgment." *State ex rel. Nixon*, 34 S.W.3d at 128.

In their motion and on appeal, the counties assert an interest in the validity of the challenged DHSS regulations because they have legal rights – e.g., the authority of the counties' local health authorities to issue certain public health orders – that flow from the

10

invalidated DHSS regulations. *See* 19 C.S.R. 20-20.040(2)(G)-(I). The circuit court's judgment invalidates those regulations and, further, orders the regulations be removed from the register. By direct operation of the judgment, the counties' local health authorities lose the authority to take actions the DHSS regulations authorize. Therefore, the Court finds, as a matter of law, the counties assert a sufficient interest in the subject of the action.

With the counties' interest identified, their satisfaction of Rule 52.12(a)'s further substantive requirements for intervention as of right takes shape. As a result of the circuit court's declaration and the consequences that flow from it, the counties are "so situated that the disposition of the action . . . as a practical matter impair[s] or impede[s]" their ability to protect their interest in preserving the authority those regulations provide. *See State ex rel. Nixon*, 34 S.W.3d at 127. And, because the attorney general in his capacity as counsel for DHSS has chosen not to file an appeal on behalf of DHSS to defend the validity of the regulations on appeal, existing parties are no longer adequately representing the counties' interest.[5]

The Court next considers whether the counties' joint motion to intervene was timely. This Court, in *Frost v. Liberty Mutual Insurance Co.*, 813 S.W.2d 302, 304 (Mo. banc

---

[5] The plaintiffs assert the counties were required to "present evidence in the form of affidavits or verification of the evidence relied on to support their motion to intervene." The question of whether the circuit court should have sustained the counties' motion to intervene flows from the counties' rights and obligations as a matter of law, i.e., those that flow from the challenged regulations. In addition, "motions to intervene of right are decided on the basis of the motion, the pleadings, argument of counsel, and perhaps suggestions in support or opposition. Consequently, the circuit court usually hears no evidence and makes no declarations of law. Rather, the decision is one involving application of the law." *Allred v. Carnahan*, 372 S.W.3d 477, 483 (Mo. App. 2012).

11

1991) [*Frost II*], recognized the established principle that post-judgment intervention should be "granted only if substantial justice requires intervention," but the Court did not undertake an analysis of that requirement because the propriety of post-judgment intervention was not at issue in the case. A fuller explanation of when "substantial justice" requires intervention can be found in *Frost I*, 778 S.W.2d at 673, which was cited with approval in *Frost II*. In determining whether substantial justice required intervention, the court of appeals considered the facts and circumstances of the case, including prejudice to the intervenor if intervention were denied and prejudice to existing parties if intervention were granted. *Id.* And it expressly held: "Denial of intervention otherwise available as of right should not be denied as a means of sanction for delay nor to expedite the court's docket if there is no showing of substantial prejudice resulting from delay and if substantial justice is served by granting intervention." *Id.* at 673-74. Ultimately, the court of appeals held substantial justice required intervention because the intervenor filed its motion 16 days after learning of the judgment, the existing parties failed to show they would suffer prejudice, and the intervenor would suffer prejudice were intervention not granted. *Id.* at 674.

In reaching its conclusion, the *Frost I* court recognized Rule 52.12(a) is "essentially the same as" federal rule 24(a). *Id.* at 673. "While not binding, federal cases construing a rule this Court subsequently adopted with virtually identical language are entitled to significant consideration." *Olofson v. Olofson*, 625 S.W.3d 419, 436 (Mo. banc 2021). Under the federal rule, the timeliness of a post-judgment motion to intervene "is to be determined from all the circumstances . . . ." *Cameron v. EMW Women's Surgical Ctr.,*

12

*P.S.C.*, 142 S. Ct. 1002, 1012 (2022). Relevant circumstances usually include such considerations as "how far the litigation has progressed when intervention is sought, the reason for the delay, and prejudice that other parties will suffer as a result of additional delay." *McClain v. Wagner Elec. Corp.*, 550 F.2d 1115, 1120 (8th Cir. 1977). In *Cameron*, when considering nearly identical circumstances to those of this case, the Supreme Court held "the point to which a suit has progressed is not solely dispositive." 142 S. Ct. at 1012 (alterations omitted). "[T]he most important circumstance relating to timeliness is that the [intervenor] sought to intervene 'as soon as it became clear' that the [intervenor's] interests 'would no longer be protected by the parties in the case.'" *Id.* (quoting *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977)). This is because, in such circumstances, the need to intervene does not arise until the party previously protecting the intervenor's interest ceases defending it, and timeliness "should be assessed in relation to that point in time." *Id.* This Court finds the holding in *Cameron* is persuasive as to the timeliness of the counties' motion.

Applying that standard here, the counties' interest in the action was adequately represented by DHSS until the attorney general, in his capacity as counsel for DHSS, elected not to appeal the judgment. When the decision was made not to appeal the judgment, the counties' interest was no longer protected.[6] At that point, the counties filed

---

[6] The respondents claim the analysis of timeliness is controlled by *City of Bridgeton v. Norfolk & Western Railway Co.*, 535 S.W.2d 99 (Mo. banc 1976), and the holding of that case compels the Court to find the motion untimely because the intervenors knew of the lawsuit for 11 months before attempting to intervene. *City of Bridgeton* is distinguishable as the Court found the "furtherance of justice" did not require intervention and the

13

their motion to intervene and proposed pleading. The timeliness of their motion to intervene must be assessed in relation to how soon they filed their motion after the attorney general communicated DHSS would not appeal the judgment, which even the state concedes was only 11 days. As a matter of law, the timing of the counties' motion to intervene does not present a delay justifying a finding of untimeliness.

The plaintiffs argue the proposed intervenors should have known DHSS would not adequately protect their interests well before judgment was entered because the attorney general filed several other actions challenging public health orders involving similar subject matter. Those actions, however, claimed the defendants, including some of the intervenors, exceeded their authority under DHSS regulations. Those suits did not challenge the validity of the DHSS regulations themselves. And, regardless of the attorney general's litigation decisions in other actions, the attorney general entered an appearance on behalf of DHSS, filed an answer denying the plaintiffs' claims, and defended the validity of the DHSS regulations in this case until the circuit court entered judgment. Therefore, as a matter of law, it would not be reasonable to hold the counties should have known the attorney general, in his capacity as counsel for DHSS, would not continue to defend the regulations on appeal.

In addition, the existing parties will not be prejudiced by intervention. According to their motion to intervene, the counties seek to intervene to preserve and defend the

---

intervenor failed to prove, under the facts and circumstances of the case, that her interests were inadequately represented. *Id.* at 102. In this case, however, the counties met their burden to prove their interests were inadequately represented when the attorney general decided not to appeal on DHSS's behalf.

14

lawfulness of the DHSS regulations at issue "by appealing the judgment and alternatively requesting reconsideration of the judgment." The counties do not seek to inject new issues into the case. While the counties filed a motion for new trial and a motion to amend the judgment along with their motion to intervene and proposed pleading in the circuit court, the counties admit on appeal they seek to intervene solely for purposes of appealing the circuit court's judgment invalidating the DHSS regulations. Granting intervention for purposes of appeal generally is held not to be prejudicial to existing parties. *See, e.g.,* *Peruta v. Cnty. of San Diego*, 824 F.3d 919, 941 (9th Cir. 2016); *Flying J, Inc. v. Van Hollen*, 578 F.3d 569, 573 (7th Cir. 2009). Neither the state nor the plaintiffs identify facts or circumstances supporting their arguments that permitting the counties to intervene would cause them prejudice.[7]

At the same time, denying intervention prejudices the counties. Because the circuit court's judgment declares the DHSS regulations invalid and orders they be removed from the register, the counties cannot preserve the authority those regulations provide unless they intervene to appeal the judgment. If intervention is denied, the counties lose and cannot regain their authority.

Accordingly, the counties filed a timely motion and demonstrated their entitlement to intervene as a matter of right after the attorney general, in his capacity as counsel for DHSS, chose not to appeal the circuit court's judgment and continue defending the DHSS

---

[7] The plaintiffs cite *F.W. Disposal South, LLC v. St. Louis County Council*, 266 S.W.3d 334, 340 (Mo. App. 2008), as support for finding intervention would prejudice existing parties. But that case is distinguishable as it involved attempted intervention after entry of a consent judgment.

regulations. When an intervenor demonstrates the criteria for intervention under Rule 52.12(a) are met, "the right to intervene is absolute and the motion to intervene may not be denied." *State ex rel. Nixon*, 34 S.W.3d at 127. The circuit court erred in overruling the counties' motion to intervene as a matter of right.

### III. Motion for Attorney Fees Overruled

While this appeal was pending, the plaintiffs filed a motion requesting "attorney[] fees and costs pursuant to section 536.050.3, .4, *should they prevail in a final disposition of the action rendered by this Court . . . ."* (Emphasis added). Because this Court reverses the judgment and remands the case, the plaintiffs' motion for attorney fees and costs is overruled.

### Conclusion

The circuit court erred in overruling St. Louis and Jackson counties' motion to intervene as a matter of right. The judgment is vacated, and the case is remanded. On remand, the circuit court is instructed to sustain the counties' motion to intervene, order their proposed answer filed, and enter an amended judgment against DHSS and the counties.

_____
PATRICIA BRECKENRIDGE, JUDGE


Russell, C.J., Powell, Fischer,
Ransom and Wilson, JJ., concur.
Draper, J., not participating.

16