

## Missouri Court of Appeals
### Western District

| | | |
|---|---|---|
| RHONDA MCCLEERY, | ) | |
| | ) | **WD85665** |
| Respondent, | ) | |
| v. | ) | **OPINION FILED:** |
| | ) | |
| NODAWAY COUNTY SHERIFF'S DEPARTMENT; | ) | December 12, 2023 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| MISSOURI STATE HIGHWAY PATROL, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

**Appeal from the Circuit Court of Nodaway County, Missouri
The Honorable Corey Keith Herron, Judge**

**Before Division Two:  Mark D. Pfeiffer, Presiding Judge,
Alok Ahuja, Judge, and Thomas N. Chapman, Judge**

The Missouri State Highway Patrol ("Highway Patrol") appeals the judgment of the

Nodaway County Circuit Court granting Rhonda McCleery's petition to be removed from the

sexual offender registry.  It contends that the circuit court erred in granting McCleery's removal

petition because she is subject to a lifetime registration requirement under section 589.400.1(7)[1]

of the Missouri Sex Offender Registration Act ("MO-SORA") in that she was required to register

---

[1] All statutory references are to RSMo Cum. Supp. 2018 unless otherwise indicated.

under the federal Sex Offender Registration and Notification Act (SORNA). The judgment is affirmed.

## Background

On September 24, 2007, McCleery pleaded guilty to the offense of sexual contact with an inmate in violation of section 566.145, RSMo Supp. 2002. She was required to register as a sex offender and has continuously registered since her guilty plea in 2007. McCleery has not been adjudicated and does not have any charges pending for any other offense since her registration, and she successfully completed all periods of probation and an appropriate sex offense treatment program.

On May 18, 2022, McCleery filed a verified petition pursuant to section 589.401 seeking to have her name removed from the sex offender registry. She alleged that she satisfied all of the requirements for removal. She named the Highway Patrol and the Nodaway County Sheriff's Department as respondents as required under section 589.401.6, and the trial court docket entries reflect that they were served. McCleery also notified the Nodaway County Prosecuting Attorney of the petition as required by section 589.401.8.

No party filed an answer to the petition. On May 25, 2022, the Highway Patrol filed a letter with the court noting that it did not intend to file any further pleading in the matter and "as set forth in section 589.401, the Patrol entrusts the defense of this action to the Office of the Prosecuting Attorney." It further provided:

> The Patrol notes for the parties and the Court that the Missouri Court of Appeals recently determined that any registrant with an obligation to register under federal law (i.e. SORNAL), <u>must register for life in Missouri</u> pursuant to section 589.400.1(7), RSMo. *See Selig v. Russell*, 604 S.W.3d 817 (Mo. App. W.D. 2020), *transfer denied* (May 28, 2020), *transfer denied* (Sept. 1, 2020). The lifetime registration requirement applies without regard to the registrant's Missouri tier assignment under MO-SORA.

The Highway Patrol's letter did not allege that this lifetime registration requirement or the absence of any requirements set forth in section 589.401 would disqualify McCleery from the relief she sought in her petition.

On July 18, 2022, the circuit court held a short hearing on the petition. The prosecutor told the court that there was no objection to the petition and that the State had contacted the victim, who was in custody, and that the victim did not know McCleery was on the sex offender registry and did not oppose her being removed from it. The case was submitted on the verified petition. The prosecutor did not present any evidence.

That same day, the trial court entered its judgment granting the petition and ordering that McCleery be removed from the registry. It found that:

> Petitioner is considered a Tier I offender, that more than 10 years has lapsed since the date the Petitioner was required to register and that Petitioner has had no adjudications and has no charges pending for any additional sexual offenses or non-sexual offenses since September 24, 2007, and that Petitioner is otherwise eligible for removal and has met the requirements of § 589.401 RSMo.

This appeal by the Highway Patrol followed.

**Preservation of Error**

In its sole point on appeal, the Highway Patrol contends that the circuit court erred in granting McCleery's removal petition because she is subject to a lifetime registration requirement under section 589.400.1(7) in that her criminal offense of sexual contact with an inmate required her to register under SORNA. McCleery asserts that the Highway Patrol failed to preserve this issue for appeal because it did not separately answer, object, or participate in the hearing but rather entrusted its representation to the county prosecuting attorney who indicated

3

there was no objection to her removal. The Highway Patrol, however, believes that its argument was preserved in its letter filed in the circuit court.

The recent Eastern District case, *J.C.S. v. Missouri State Highway Patrol Criminal Records Repository*, 675 S.W.3d 712 (Mo. App. E.D. 2023), is instructive on the issue of preservation. In that case, the Highway Patrol did not file an answer to the petitioner's petition for removal from the sex offender registry but filed a letter similar to the letter filed in the instant case. *Id.* at 715. The letter informed the circuit court that the Highway Patrol did not intend to file any further pleadings in the matter and was entrusting the defense of the action to the prosecuting attorney. *Id.* The letter further noted for the parties and the court that this court had recently determined that any registrant with an obligation to register under SORNA must register for life in Missouri pursuant to section 589.400.1(7) and that the lifetime registration requirement applied regardless of the registrant's Missouri tier assignment under MO-SORA. *Id.* The prosecuting attorney filed an answer to the petition on behalf of the State but did not take a position in the answer on whether the petitioner's name should be removed from the registry. *Id.* The circuit court conducted a hearing on the matter; the Highway Patrol did not appear. *Id.* Following the hearing, the circuit court granted the petitioner's petition and directed that the petitioner's name be removed from the registry. *Id.* The Highway Patrol then filed a timely motion to amend arguing (1) the circuit court's judgment failed to address whether the petitioner had been or was required to register under SORNA and (2) pursuant to section 589.400.1(7), any person who had been or was required to register under SORNA has an independent lifetime obligation to register under MO-SORA. *Id.* at 716. The motion was deemed denied by operation of law ninety days after it was filed because the circuit court did not rule on it, and the Highway Patrol appealed. *Id.*

4

On appeal, the Highway Patrol contended that the circuit court erred in granting the petitioner's petition for removal from the registry because (1) it failed to determine whether the petitioner had ever been required to register under SORNA and (2) any person required to register under SORNA had a lifetime obligation to register under MO-SORA pursuant to section 589.400.1(7). *Id.* In finding that the Highway Patrol preserved its arguments for review on appeal, the Eastern District explained that the Highway Patrol raised the arguments, which related to the form or language of the judgment, in a timely motion to amend the judgment under Rule 78.07(c). *Id.* Significantly, its ruling that the issue had been preserved did not rely upon, nor even address, the letter filed by the Highway Patrol. *Id.*

Unlike in *J.C.S.*, the Highway Patrol did not file a motion to amend the judgment under Rule 78.07(c) in this case. Rule 78.07(c) provides, "In all cases, allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review." The Highway Patrol's arguments in this case are substantially similar to those asserted in *J.C.S.*, relating to the form or language of the circuit court's judgment, namely the circuit court's failure to address whether McCleery was subject to a lifetime registration requirement under section 589.400.1(7) because she was required to register under SORNA. Because the Highway Patrol did not file a motion to amend the judgment, it failed to preserve for appellate review any argument relating to the form of the judgment.

The Highway Patrol also argues that its point on appeal was preserved because its interests were not adequately represented in the circuit court by the prosecuting attorney, citing *Dunivan v. State*, 466 S.W.3d 514 (Mo. banc 2015), for support. The Highway Patrol's reliance on *Dunivan*, however, is misplaced. *Dunivan* dealt with issues of intervention under an earlier

5

version of MO-SORA. It held that the Highway Patrol was entitled to intervene as of right in a petition for removal from sex offender registry, in part, because it was not adequately represented by the prosecuting attorney, who did not offer any evidence or argument concerning the sex offender's independent obligation to register in Missouri under federal law. *Id.* at 520. The General Assembly, however, amended MO-SORA in 2018, making several substantive changes, including dividing sex offenders into three tiers to mirror the SORNA categories and providing a mechanism for tier one and two offenders to be removed from the Registry. *Smith v. St. Louis Cnty. Police*, 659 S.W.3d 895, 900 (Mo. banc 2023); *Drewel v. Mo. State Highway Patrol*, 672 S.W.3d 284, 287-88 (Mo. App. W.D. 2023). Under the 2018 amendment, the Highway Patrol must now be named as respondent in a petition for removal from the sex offender registry in order to allow it to protect its interests in such matters. § 589.401.6. In this case, it was named as a party in McCleery's petition and was served. The Highway Patrol then informed the circuit court by letter that it did not intend to file any further pleading in the matter and that it entrusted the defense of the action to the prosecuting attorney. The Highway Patrol chose to have the prosecuting attorney represent its interests in the case. Dissatisfied with that representation, it now seeks to raise an issue on appeal that was not presented to the circuit court.

"An issue that was never presented to or decided by the trial court is not preserved for appellate review." *Holmes v. Union Pac. R.R. Co.*, 617 S.W.3d 853, 858 (Mo. banc 2021) (internal quotes and citations omitted). "A party seeking the correction of error must stand or fall on the record made in the trial court; thus it follows that only those objections or grounds of objection which were urged in the trial court, without change and without addition, will be considered on appeal." *Id.* at 858-59 (internal quotes and citations omitted).

6

The Highway Patrol did not file an answer or participate in this case. Instead, as discussed above, it entrusted its representation in this matter to the county prosecutor, who did not object to McCleery's removal from the sex offender registry. Furthermore, while the Highway Patrol generally stated in its letter that any registrant with an obligation to register under SORNA must register for life in Missouri, it did not specifically allege that this lifetime registration requirement applied to McCleery. Unlike the argument it now makes in its appellate brief, the Highway Patrol's letter to the circuit court did not describe the elements of the offense to which McCleery pleaded guilty, or the federal definition of a "sex offense" to which SORNA's registration obligations apply.[2] The circuit court did not address whether McCleery was required to register under SORNA and whether McCleery was thus disqualified from removal from the sex offender registry because it was not asked to do so. An appellate court will not convict a lower court of error on an issue that was not before it to decide. *Holmes*, 617 S.W.3d at 859. Because the Highway Patrol did not present the issue to the circuit court, the issue was not preserved for appellate review.

Alternatively, the Highway Patrol argues that the circuit court committed plain error in granting McCleery's request for removal without determining whether she was required to register under SORNA, which would bar her removal from the Missouri registry under section 589.400.1(7). It asserts that granting McCleery's removal petition was a manifest injustice.

Under Rule 84.13(c), "[p]lain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that

---

[2] Were we to address the argument in the Highway Patrol's appellate brief (which we do not) it appears that a remand for further factual development concerning the nature of McCleery's offense might have been required to actually determine whether her conviction subjected her to a federal registration requirement.

manifest injustice or miscarriage of justice has resulted therefrom." "[P]lain error review is rarely granted in civil cases." *Williams v. Mercy Clinic Springfield Cmtys.*, 568 S.W.3d 396, 412 (Mo. banc 2019). "[T]o reverse for plain error in a civil case, the injustice must be so egregious as to weaken the very foundation of the process and seriously undermine confidence in the outcome of the case." *Id.* (internal quotes and citation omitted). "Plain error is not a doctrine available to revive issues already abandoned by selection of trial strategy or oversight." *Church v. CNH Indus. Am., LLC*, 671 S.W.3d 829, 842 (Mo. App. W.D. 2023) (internal quotes and citation omitted). Furthermore, "[p]lain error review is waived when counsel has affirmatively acted in a manner precluding a finding that the failure to object was a product of inadvertence or negligence." *State v. Johnson*, 284 S.W.3d 561, 582 (Mo. banc 2009) (internal quotes and citation omitted). The Highway Patrol chose to entrust the defense to the prosecuting attorney and failed to otherwise participate in the case. At the hearing, the prosecuting attorney affirmatively told the court that there was no objection to the petition to remove McCleery's name from the registry and that the victim did not oppose her being removed from the registry. Under these circumstances, this is not a case that warrants plain error review, and we decline to exercise our discretion to review it. The point is denied.

**Conclusion**

The judgment is affirmed.

_____
Thomas N. Chapman, Judge

All concur.

8